**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
75 Broadway, Suite 202
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Scott Boyd and*
*Kasey Kahne*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL C. PIZZUTO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HOMOLOGY MEDICINES, INC., ARTHUR O. TZIANABOS, W. BRADFORD SMITH, and ALBERT SEYMOUR,<br><br>Defendants. | No.: 2:22-cv-01968-FLA-JPR<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF SCOTT BOYD AND KASEY KAHNE FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF COUNSEL**<br><br>Judge: Hon. Fernando L. Aenlle-Rocha<br>Date: July 1, 2022<br>Time: 1:30 p.m.<br>Courtroom #6B |

MEMORANDUM OF POINTS AND AUTHORITIES OF SCOTT BOYD AND KASEY KAHNE
Case No. 2:22-cv-01968-FLA-JPR

## TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ................................................................ 1

II.   STATEMENT OF FACTS ................................................................ 2

III.  ARGUMENT................................................................................ 3

    A.    MOVANTS' APPOINTMENT AS CO-LEAD PLAINTIFFS IS APPROPRIATE ................................................................ 3

        1.  The Procedure Required by the PSLRA................................................... 3

            a. Movants Are Willing to Serve As Class Representatives ................... 4

            b. Movants Have the Requisite Financial Interest in the Relief Sought by the Class ................................................................ 5

    B.    Movants Satisfy the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure................................................................ 6

            a. Movants' Claims are Typical of the Claims of all the Class Members................................................................ 7

            b. Movants Will Adequately Represent the Class................................... 8

    C.    APPROVING MOVANTS' CHOICE OF COUNSEL IS APPROPRIATE ................................................................ 9

IV.   CONCLUSION................................................................10

# TABLE OF AUHTORITIES

**Cases**

*In re Cavanaugh*,

306 F.3d 726 (9th Cir. 2002)................................................................1, 5, 6

*In re Coinbase Global Securities Litigation*,

No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021) ........................ 9

*Crawford v. Honig*,

37 F.3d 485 (9th Cir. 1994) ............................................................... 8

*Daniels Family 2001 v. Las Vegas Sands Corp.*,

2021 U.S. Dist. LEXIS 974 (D. Nev. Jan. 5, 2021) ........................................... 9

*Deinnocentis v. Dropbox, Inc.*,

2020 U.S.  Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020)...................................10

*In re Drexel  Burnham Lambert Group*,

960 F.2d 285 (2d Cir. 1992)................................................................ 8

*Ferrari v. Gisch*,

225 F.R.D. 599 (C.D. Cal. 2004) ................................................................ 7

*Gen. Tel. Co. of the Southwest v. Falcon*,

457 U.S. 147 (1982) ................................................................ 7

*Hanlon v. Chrysler Corp.*,

150 F.3d 1011 (9th Cir. 1998)................................................................ 7

*Haung v. Acterna Corp.*,

220 F.R.D. 255 (D. Md. 2004)................................................................ 6

*Jiang v. BlueCity Holdings Limited, et al.*,

No. 1:21-cv-04044-CLP (E.D.N.Y. Dec. 22, 2021) ........................................ 9

*Maiden v. Merge Techs., Inc.*,

No. 06-cv-349, 2006 U.S. Dist. LEXIS 85635 (E.D. Wis. Nov. 21, 2006)....... 5

*Malriat v. Quantumscape Corp.*,

2021 U.S. Dist. LEXIS 76914 (N.D. Cal. April 20, 2021) ............................. 9

*In re Milestone Sci. Sec. Litig.*,

    183 F.R.D. 404 (D.N.J. 1998) ........................................................................... 7

*In re Oxford Health Plans, Inc. Sec. Litig.*,

    182 F.R.D. 42 (S.D.N.Y. 1998) ....................................................................... 7

*Robidoux v. Celani,*

    987 F.2d 931 (2d Cir. 1993) ........................................................................... 7

*Snyder v. Baozun Inc.,*

    2020 U.S. Dist. LEXIS 163967 (S.D.N.Y. Sept. 8, 2020) .............................10

*Subramanian v. Watford, et. al.*,

    2021 U.S. Dist. LEXIS 81823 (D. Colo. April 29, 2021) ................................ 9

*Takeda v. Turbodyne Techs., Inc.*,

    67 F. Supp. 2d. 1129 (C.D. Cal. 1999) ........................................................... 6

*Weiss v. York Hosp.*,

    745 F.2d 786 (3d Cir. 1984) .........................................................................7, 8

*White Pine Invs. v. CVR Ref.,*

    2021 U.S. Dist. LEXIS 1199 (S.D.N.Y. Jan. 5, 2021) ....................................10

**Statutes**

15 U.S.C. § 78u-4 ...........................................................................................*passim*

**Rules**

Fed. R. Civ. P. 23 ...........................................................................................*passim*

## I.      PRELIMINARY STATEMENT

Presently pending before the Court is the above-captioned securities class action lawsuit (the "Action")[1] brought on behalf of all persons and entities other than Defendants that purchased or otherwise acquired Homology Medicines, Inc. ("Homology" or the "Company") securities between June 10, 2019 and February 18, 2022, inclusive (the "Class Period"). Plaintiff in the Action alleges violations of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company, Arthur O. Tzianabos ("Tzianabos"), W. Bradford Smith ("Smith"), and Albert Seymour ("Seymour"), (collectively, "Defendants").[2]

Movants Scott Boyd and Kasey Kahne ("Movants") collectively lost approximately $505,092.70 as a result of the alleged fraud during the Class Period. Movants respectfully submit this memorandum of law in support of their motion for (a) appointment as Co-Lead Plaintiffs pursuant to the Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); and (b) for approval of their selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel.

The PSLRA directs the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made a *prima facie* showing that he is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Movants satisfy both requirements.

---

[1] The above-captioned action pending in this Court is entitled *Pizzuto v. Homology Medicines, Inc., et al.,* C.A. No. 2:22-cv-01968-FLA-JPR (C.D. Cal. Mar. 25, 2022) (the "*Pizzuto* Action").

[2] The Action alleges violations under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

Movants believe that they have the largest financial interest in the outcome of the case.[3] As such, Movants meet the requirements of the PSLRA for appointment as Co-Lead Plaintiffs. Moreover, Movants satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure in that their claims are typical of the claims of the Class, and they will fairly and adequately represent the interests of the Class.[4]

Accordingly, Movants respectfully submit that they should be appointed Co-Lead Plaintiffs. Additionally, Movants' selection of Levi & Korsinsky as Lead Counsel for the proposed class should be approved by this Court.

## II.    STATEMENT OF FACTS[5]

Homology, a genetic medicines company, focuses on transforming the lives of patients suffering from rare genetic diseases. ¶ 2. The Company's lead product candidate is HMI-102, which is in Phase I/II pheNIX clinical trial, a gene therapy for the treatment of phenylketonuria (PKU) in adults (the "HMI-102 Trial"). *Id.*

The Company issued a press release on June 10, 2019 announcing that it had commenced enrollment of the HMI-102 Trial. ¶ 3.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies. ¶ 4. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) the Company had overstated HMI-102's

---

[3] Movants' certifications identifying their transactions during the Class Period and charts detailing their losses are attached to the Declaration of Adam M. Apton, dated May 24, 2022 ("Apton Decl."), as Exhibits A, and B, respectively.

[4] The Action excludes from the Class the Defendants, officer and directors of the Company, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

[5] Citations to "¶_" are to paragraphs of the Class Action Complaint for Violation of the Federal Securities Laws (the "*Pizzuto* Complaint") filed in the *Pizzuto* Action. The facts set forth in the *Pizzuto* Complaint are incorporated herein by reference.

efficacy and risk mitigation; (ii) accordingly, it was unlikely that the Company would be able to commercialize HMI-102 in its present form; and (iii) as a result, the Company's public statements were materially false and misleading at all relevant times. *Id.*

Mariner Research ("Mariner") published a report on July 21, 2020 questioning statements by Homology and its officers about the efficacy of HMI-102, the Company's lead product candidate for treatment of phenylketonuria. ¶ 5. Mariner focused on Homology's HMI-102 dose escalation pheNIX trial, concluding that the Company concealed data showing HMI-102's lack of efficacy and indicating that the program was unlikely to proceed to commercialization. *Id.* Among other evidence, Mariner cited an email from Homology's Chief Communications Officer appearing to indicate the Company's awareness that a HMI-102 high dose patient had adverted to the adverse efficacy issue in a social media post during April 2020. *Id.*

In response to this news, Homology's stock price declined 10.38%, or $1.71 per share, over the following three trading days, closing on July 24, 2020 at $14.77 per share. ¶ 6.

## III.   ARGUMENT

### A.   MOVANTS' APPOINTMENT AS CO-LEAD PLAINTIFFS IS APPROPRIATE

#### 1.   The Procedure Required by the PSLRA

Once the Court decides the motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within

20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa)   has either filed the complaint or made a motion in response to a notice;

(bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movants satisfy the foregoing criteria and are not aware of any unique defenses that defendants could raise against them. Therefore, Movants are entitled to the presumption that they are the most adequate plaintiffs to represent the Class and, as a result, should be appointed co-lead plaintiffs in the Action.

### a. Movants Are Willing to Serve As Class Representatives

On March 25, 2022, counsel in the *Pizzuto* Action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A)(i), which announced that a securities class action had been filed against Homology and certain of its officers and directors, and which advised putative class members that they had sixty

days from the date of the Notice to file a motion to seek appointment as a lead plaintiff in the *Pizzuto* Action.[6]

Movants have reviewed the complaint filed in the *Pizzuto* Action and have timely filed their motion pursuant to the Notice.

### b. Movants Have the Requisite Financial Interest in the Relief Sought by the Class

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the Action. As demonstrated herein, Movants have the largest known financial interest in the relief sought by the Class. *See* Apton Decl., Ex. B. The Movant who "has the largest financial interest in this litigation and meets the adequate and typicality requirements of Rule 23 . . . is presumptively entitled to lead plaintiff status." *Maiden v. Merge Techs., Inc.*, No. 06-cv-349, 2006 U.S. Dist. LEXIS 85635, at *13 (E.D. Wis. Nov. 21, 2006) (citing *In re Cavanaugh*, 306 F.3d at 732).

Under the PSLRA, damages are calculated based on (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90 day period beginning on the date the information correcting the misstatement was disseminated, or (ii) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the 90 day period. 15 U.S.C. § 78u-4(e).

During the Class Period, Movants purchased Homology securities in reliance upon the materially false and misleading statements issued by defendants, and were injured thereby. During the Class Period, Movants: (1) purchased 45,000 shares of Homology stock; (2) expended $617,621.73 on their purchases of Homology

---

[6] The *Pizzuto* Action was filed in this Court on March 25, 2022. On the same day, the Notice was published over *PRNewswire*, a widely-circulated national business-oriented wire service. *See* Apton Decl. Ex. C.

securities; (3) retained 45,000 shares of Homology securities through the end of the Class Period; and (4) suffered a substantial loss of $505,092.70 in connection with their purchases of Homology securities. *See* Apton Decl. Ex. B. Movants thus have a significant financial interest in the outcome of this case. To the best of their knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

## B.    Movants Satisfy the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification outlined in Fed. R. Civ. P. 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage. *See Cavanaugh*, 306 F.3d at 730, n.5, 732. Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d. 1129, 1136 (C.D. Cal. 1999). Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Cavanaugh*, 306 F.3d at 732; *see also Haung v. Acterna Corp.*,

220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, Movants satisfy both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying their appointment as Co-Lead Plaintiffs.

### a. Movants' Claims are Typical of the Claims of all the Class Members

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movants plainly meet the typicality requirement of Rule 23 because: (i) they suffered the same injuries as the absent class members; (ii) they suffered as a result of the same course of conduct by Defendants; and (iii) their claims are based on the same legal issues. *See Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiff's claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See Weiss v. York Hosp.*, 745 F.2d 786, 808-09 (3d Cir. 1984). A finding of commonality frequently supports a finding of typicality. *See Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge).

In this case, the typicality requirement is met because Movants' claims are identical to, and neither compete nor conflict with the claims of the other Class members. Movants, like the other Class members, acquired Homology securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and were damaged thereby. Thus, their claims are

typical, if not identical, to those of the other Class members because Movants suffered losses similar to those of other Class members and their losses result from Defendants' common course of wrongful conduct. Accordingly, Movants satisfy the typicality requirement of Rule 23(a)(3). *See Weiss*, 745 F.2d at 809; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### b. Movants Will Adequately Represent the Class

Moreover, Movants are adequate representatives for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of Movant to whether the interests of Movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of Movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted).

Movants' interests are clearly aligned with those of the other Class members. Not only is there no evidence of antagonism between Movants' interests and those of the Class, but Movants have a significant and compelling interest in prosecuting the Action based on the large financial losses they have suffered as a result of the wrongful conduct alleged in the Action. This motivation, combined with Movants' identical interest with the Class members, demonstrates that they will vigorously pursue the interests of the Class. In addition, Movants have retained counsel highly experienced in prosecuting securities class actions, and will submit their choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Accordingly, at this stage of the proceedings, Movants have made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfy 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). In addition, because Movants have sustained the largest amount of losses from Defendants' alleged wrongdoing, they are, therefore, the presumptive lead plaintiffs in

accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I), and should be appointed as such to lead the Action.

Moreover, Movants have submitted a Joint Declaration, attesting to, *inter alia*, their education history, occupation, and investment experience, as well as to their understanding of the strength of this case, the responsibilities and duties of serving as a lead plaintiff, their shared desire to obtain the best result for the Class, and the steps that they will take to supervise this litigation. *See* Joint Declaration, Ex. D. to Apton Decl. Accordingly, Movants meet the adequacy requirement of Rule 23.

## C.    APPROVING MOVANTS' CHOICE OF COUNSEL IS APPROPRIATE

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movants have selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class. The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as this one, are well-qualified to represent the Class, and have worked numerous times to achieve favorable settlements on behalf of shareholders. *See* Apton Decl. Ex. E (Levi & Korsinsky's firm resume, respectively). *See also e.g., Jiang v. BlueCity Holdings Limited, et al.*, No. 1:21-cv-04044-CLP, Dkt. No. 16 (E.D.N.Y. Dec. 22, 2021); *In re Coinbase Global Securities Litigation,* No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021); *Subramanian v. Watford, et. al.*, 2021 U.S. Dist. LEXIS 81823, at *10 (D. Colo. April 29, 2021) (appointing Levi & Korsinsky noting they are "qualified, experienced, and able to vigorously conduct the proposed litigation."); *Malriat v. Quantumscape Corp.*, 2021 U.S. Dist. LEXIS 76914, at *21 (N.D. Cal. April 20, 2021); *Daniels Family 2001 v. Las Vegas Sands Corp.,* 2021

U.S. Dist. LEXIS 974, at *8 (D. Nev. Jan. 5, 2021) (appointing Levi & Korsinsky as lead counsel noting the firm's "extensive experience in complex securities class actions"); *White Pine Invs. v. CVR Ref.,* 2021 U.S. Dist. LEXIS 1199, at *10 (S.D.N.Y. Jan. 5, 2021) appointing Levi & Korsinsky noting "the firm has 'extensive experience' in this area of law and is sufficiently qualified to conduct this litigation"; *Deinnocentis v. Dropbox, Inc.,* 2020 U.S. Dist. LEXIS 8680, at *13 (N.D. Cal. Jan. 16, 2020); *Snyder v. Baozun Inc.,* 2020 U.S. Dist. LEXIS 163967, at *11 (S.D.N.Y. Sept. 8, 2020) appointing Levi & Korsinsky noting the firm has "obtained numerous favorable judgments for clients in these past representations". Thus, this Court may be assured that in the event that Movants' Motion is granted, the members of the Class will receive the highest caliber of legal representation.

## IV.    CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court grant their Motion and enter an order: (1) appointing Movants as Co-Lead Plaintiffs; and (2) approving Levi & Korsinsky as Lead Counsel for the Class.

Dated: May 24, 2022                    Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
75 Broadway, Suite 202
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

*Proposed Lead Counsel for Movants*

## CERTIFICATE OF SERVICE

I, Adam M. Apton, hereby declare under penalty of perjury as follows:

I am a partner attorney at Levi & Korsinsky, LLP, with offices at 75 Broadway, Suite 202, San Francisco, CA 94111. I am over the age of eighteen.

On May 24, 2022, I electronically filed the following **MEMORDANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF SCOTT BOYD AND KASEY KAHNE FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on May 24, 2022.

*/s/ Adam M. Apton*
Adam M. Apton