Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*Attorneys for [Proposed] Lead Plaintiff*
*Ronald McCall*

*[Additional counsel on signature page]*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| MICHAEL C. PIZZUTO, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HOMOLOGY MEDICINES, INC., ARTHUR O. TZIANABOS, W. BRADFORD SMITH, and ALBERT SEYMOUR,<br><br>Defendants. | No. 2:22-cv-01968-FLA-JPR<br><br><u>CLASS ACTION</u><br><br>**MEMORANDUM OF POINTS AND AUTORITIES IN SUPPORT OF MOTION OF RONALD MCCALL FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>Date:       Friday, July 1, 2022<br>Time:       1:30 p.m.<br>Courtroom:  6B<br>Judge:       Hon. Fernando L. Aenlle-Rocha<br><br><u>ORAL ARGUMENT REQUESTED</u> |

Ronald ("Dale") McCall ("Movant"), D.D.S. ("Dr. McCall" or "Movant") hereby moves the Court for an order appointing Movant as Lead Plaintiff and for approval of his selection of lead counsel. Movant makes this motion pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3). Movant is believed to be the movant with the largest financial interest in the outcome of this litigation. Movant satisfies the requirements of Fed. R. Civ. P. 23 ("Rule 23") in that his claims are typical of the claims of the class and he will fairly and adequately represent the interests of the class. Movant has selected experienced and effective counsel as proposed lead counsel, Hagens Berman Sobol Shapiro LLP ("Hagens Berman").

## I.     PRELIMINARY STATEMENT

This is a putative securities class action governed by the PSLRA brought on behalf of all persons and entities other than Defendants that purchased or otherwise acquired Homology Medicines, Inc. ("Homology," "FIXX" or the "Company") securities between June 10, 2019 and February 18, 2022, both dates inclusive (the "Class Period").

Dr. McCall is the movant most capable of adequately representing the interests of class members. As described in his certification and loss chart attached to the Declaration of Lucas E. Gilmore at Exs. A and B ("Gilmore Decl."),[1] Dr. McCall has suffered a loss in excess of $64,760 as a result of his purchases of securities during the Class Period. Movant believes that he has sustained the largest loss of any qualified investor seeking to be appointed as Lead Plaintiff.

Moreover, Dr. McCall, a retired Dentist and the current Dean of a public magnet school in Waco, Texas, satisfies both the applicable requirements of the PSLRA and Rule 23. Movant is also qualified to represent the class.[2] Movant respectfully submits

---

[1] "Gilmore Decl." refers to the Declaration of Lucas E. Gilmore in Support of Motion to Appoint Ronald McCall as Lead Plaintiff and to Approve His Selection of Lead Counsel.

[2] Gilmore Decl., Ex. C (Movant's Declaration) at ¶ 2.

MOT. TO APPOINT LEAD PL. AND APPROVE THE SELECTION OF COUNSEL - 1
Case No. 2:22-cv-01968-FLA-JPR

that he should be appointed as Lead Plaintiff in this action, and that this Honorable Court should approve his selection of the law firm Hagens Berman Sobol Shapiro LLP as lead counsel in this action.

## II.    FACTUAL BACKGROUND

Homology is a genetic medicines company focused on transforming the lives of patients suffering from rare genetic diseases. The Company's lead product candidate is HMI-102, which is in Phase I/II pheNIX clinical trial, a gene therapy for the treatment of phenylketonuria (PKU) in adults (the "HMI-102 Trial").

The Class Period begins on June 10, 2019, when Homology issued a press release announcing that it had commenced enrollment of the HMI-102 Trial. Thereafter and throughout the Class Period, Defendants made materially false and misleading statements and omissions regarding the HMI-102 Trial. Specifically, Defendants misrepresented and omitted to disclose that: (i) the Company had overstated HMI-102's efficacy and risk mitigation; (ii) accordingly, it was unlikely that the Company would be able to commercialize HMI-102 in its present form; and (iii) as a result, the Company's public statements were materially false and misleading at all relevant times.

The truth about HMI-102 Trial was revealed over a series of partial disclosures beginning on July 21, 2020, when analyst Mariner Research ("Mariner") published a report questioning statements by Homology and its officers about the efficacy of HMI-102, the Company's lead product candidate for treatment of phenylketonuria. Mariner focused on Homology's HMI-102 dose escalation pheNIX trial, concluding that the Company concealed data showing HMI-10's lack of efficacy and indicating that the program was unlikely to proceed to commercialization. Among other evidence, Mariner cited an email from Homology's Chief Communications Officer appearing to indicate the Company's awareness that a HMI-102 high dose patient had adverted to the adverse efficacy issue in a social media post during April 2020. On this news, Homology's stock price fell $1.71 per share, or 10.38%, over the following three trading days, closing at $14.77 per share on July 24, 2020.

Then, on February 18, 2022, Homology issued a press release disclosing that "the U.S. Food and Drug Administration has notified the company that its pheNIX gene therapy trial of HMI-102 in adults with phenylketonuria has been placed on clinical hold due to the need to modify risk mitigation measures in the study in response to observations of elevated liver function tests" and that "[t]he Company expects to receive an official clinical hold letter within 30 days." On this news, Homology's stock price fell $1.26 per share, or 32.64%, to close at $2.60 per share on February 22, 2022.

As a result of Defendants' alleged wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Movant and other Class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.    Movant Should Be Appointed As Lead Plaintiff

#### 1.    The Governing Law of the PSLRA

The PSLRA governs appointment of a Lead Plaintiff in securities class actions arising under the Exchange Act. *See* 15 U.S.C. § 78u-4(a)(1)-(3)(B)(iii)(I). The PSLRA requirements are both procedural and substantive. *Id*. The Court:

> (s)hall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members in accordance with this subparagraph.

15 U.S.C. § 77z-1(a)(3)(B)(i) and 15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added).

There is a rebuttable presumption that the lead plaintiff presumed to be most capable of adequately representing the Class is the investor that:

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);

> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphasis added).

### 2. Movant Complied with the PSLRA and Timely Filed this Motion

The first procedural requirement is that the plaintiff who files the initial action must publish notice to the class within twenty days of filing the initial action. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Here, the class action was filed on March 25, 2022, and notice was published nationally via *PR Newswire* (a national business-oriented wire service) the same day. *See* Gilmore Decl., Ex. D (Published Notice).

The second procedural requirement is met within sixty days after publication of notice, when "any person" who is a member of the class can move to be appointed as Lead Plaintiff regardless of whether they filed a complaint. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). After the procedural requirements are satisfied, the Court is charged with selecting the class member "most capable of adequately representing the interests of the class" to serve as Lead Plaintiff, based on the substantive considerations outlined in the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B).

Only by a showing that a presumptive Lead Plaintiff will not fairly and adequately represent the Class, or is subject to unique defenses that will render such plaintiff incapable of adequately representing the Class, will this presumption be overcome. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Under the PSLRA test, Movant meets the criteria of "most adequate plaintiff" and should be appointed as Lead Plaintiff on behalf of the proposed Class. First, Movant met the procedural requirements of the PSLRA by timely moving this Court for appointment as Lead Plaintiff within sixty days of publication of the notice. Accordingly, Movant meets the requirement of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa), and has filed his motion within the 60-day time period requirement. Next, as outlined

below, Movant has the largest known financial interest in the case and he satisfies the requirements of Rule 23. Movant has hired reputable and experienced counsel and possesses the willingness, resources, and expertise to obtain excellent results for the Class. Finally, Movant is not subject to any unique defenses that would bar his ability to represent the class.

Consequently, this Court should appoint Movant as Lead Plaintiff.

### 3. Movant Has the Largest Financial Interest

The PSLRA provides a rebuttable presumption that the "most adequate plaintiff" is the plaintiff with the largest financial interest in the relief sought by the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). As a result of his purchases of FIXX securities during the Class Period, Movant has suffered losses of $64,760. Gilmore Decl., Exs. A and B. To the best of the Movant's knowledge, this represents the largest known financial interest in the relief sought by the Class. Movant, therefore, is presumptively the most adequate to serve as Lead Plaintiff.

### B. Movant Otherwise Satisfies the Requirements of Fed. R. Civ. P. 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the Securities Exchange Act of 1934, as amended by the PSLRA, provides that the lead plaintiff must satisfy the typicality and adequacy requirements of Fed. R. Civ. P. 23(a).[3] At this stage of the litigation, however, courts focus only on the typicality and adequacy requirements of Rule 23.[4] Further, the inquiry into typicality and adequacy at the lead plaintiff stage are not as rigorous as during a class certification proceeding and Movants must make only a preliminary showing that it meets the Rule 23 typicality and adequacy requirements to be entitled to

---

[3] *See Herrgott v. United States Dist. Court for the N. Dist. of Cal.* (*In re Cavanaugh*), 306 F.3d 726, 729-30 (9th Cir. 2002).

[4] *See Vignola v. FAT Brands, Inc. et al.*, 2018 WL 6356109, at *3 (C.D. Cal. Nov. 16, 2018) ("[t]he typicality and adequacy requirements . . . are the main focus," and "[e]xamination of the remaining requirements is deferred until the lead plaintiff moves for class certification.") (*citing In re Cavanaugh*, 306 F.3d at 730).

lead plaintiff status under the PSLRA.[5] As detailed below, Dr. McCall, a retired Dentist and the current Dean of a public magnet school in Waco, Texas, more than satisfies these requirements, and should therefore be appointed Lead Plaintiff in this action.

### 1.    Movant's Claims Are Typical of the Claims of All the Class Members

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same course of conduct that gives rise to the claims of the class members and are based on the same legal theory.[6]

Here, "[Dr. McCall's] claims are typical of the claims asserted by the proposed class because, like all members of the class, he purchased Ontrak securities during the designated class period and alleges losses as a result of those transactions," and "[Dr. McCall also alleges similar issues of law and fact as the other members of the class."[7]

Moreover, Movant is not subject to any unique or special defenses. Thus, he meets the typicality requirement of Rule 23 because his claims are the same as the claims of the other class members.

### 2.    Movant Will Adequately Represent the Interests of the Class

To determine whether a movant will fairly and adequately protect the interests of all class members, the court should inquire about the movant's interests in the outcome of the case, and his willingness to represent vigorously the class' claims.[8] As described below, Movant will adequately represent the interests of the class.

---

[5] *See Cavanaugh*, 306 F.3d at 731 (presumptive lead plaintiff must show only "a *prima facie* showing of typicality and adequacy").

[6] *See Farhar v. Ontrak, Inc.*, 2021 WL 2980589, at *3 (C.D. Cal. July 13, 2021) ("To make a prima facie showing of typicality, a movant need only establish that her claims are substantially similar, rather than substantially identical, to all class members' claims.").

[7] *See Ontrak, Inc.*, 2021 WL 2980589, at *4.

[8] *See Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 667 (C.D. Cal. 2005).

Movant's interests are clearly aligned with the members of the class because his claims arise from the same conduct as the claims of the Class. There is no evidence of antagonism between Movant's interests and those of proposed class members. Furthermore, Movant has a significant, compelling interest in prosecuting this action to a successful conclusion based upon the very large financial loss he incurred as a result of the wrongful conduct alleged herein. This motivation, combined with Movant's shared interests with the members of the class, clearly shows that Movant will adequately and vigorously pursue the interests of the class. In addition, Movant has selected counsel that is highly experienced in prosecuting securities class actions such as this one to represent Movant and the class.[9]

In sum, because of Movant's common interests with the class members, his clear motivation and ability to vigorously pursue this action, and his competent counsel, the adequacy requirement of Rule 23(a) is met in this case. Therefore, since Movant not only meets both the typicality and adequacy requirements of Rule 23(a), and has sustained the largest amount of losses at the hands of the Defendants, Movant is, in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), presumptively the most adequate plaintiff to lead this action.[10]

**C.      The Court Should Approve Movant's Choice of Lead Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Movant selected Hagens Berman to serve as Lead Counsel for the class. Hagens Berman has successfully prosecuted complex class action cases of various types and complex

---

[9] *See* Gilmore Decl., Ex. E (Firm Résumé).

[10] The PSLRA clearly envisions a two-part test of a presumption of adequacy and a mechanism for rebutting the presumption. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) and (II). Movants meet the presumption of adequacy.

securities fraud actions. Hagens Berman is one of the nation's leading class action law firms, and has earned an international reputation for excellence and innovation in groundbreaking litigation against large corporations. Hagens Berman has recovered hundreds of millions of dollars in losses for individuals and institutions through securities litigation, in cases that frequently result in industry-leading percentage returns for damaged investors.[11] This Court may be assured that in the event that this motion is granted, the members of the class will receive the highest caliber of legal representation.

## IV.    CONCLUSION

For all of the foregoing reasons, Movant respectfully requests that this Court: (1) appoint him to serve as Lead Plaintiff in this action; (2) approve the selection of Lead Counsel for the class; and (3) grant such other and further relief as the Court may deem just and proper.

DATED: May 24, 2022                    Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

 */s/ Lucas E. Gilmore*
LUCAS E. GILMORE

Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000

---

[11] Gilmore Decl., Ex. E (Firm Résumé).

Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Attorneys for [Proposed] Lead Plaintiff
Ronald McCall*

MOT. TO APPOINT LEAD PL. AND APPROVE THE SELECTION OF COUNSEL - 9
Case No. 2:22-cv-01968-FLA-JPR