POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Attorney for Jason Rofeh*

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL C. PIZZUTO, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HOMOLOGY MEDICINES, INC., ARTHUR O. TZIANABOS, W. BRADFORD SMITH, and ALBERT SEYMOUR,<br><br>Defendants. | Case No. 2:22-cv-01968-FLA-JPR<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JASON ROFEH FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL<br><br>DATE:  July 1, 2022<br>TIME:  1:30 p.m.<br>JUDGE:  Fernando L. Aenlle-Rocha<br>CTRM:  6B (1st Street Courthouse) |

MEMORANDUM OF POINTS AND AUTHORITIES - 2:22-CV-01968-FLA-JPR

# TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ..................................................................................1

II.   STATEMENT OF FACTS ........................................................................................2

III.  ARGUMENT ............................................................................................................3

    A.    ROFEH SHOULD BE APPOINTED LEAD PLAINTIFF .......................3

        1.    Rofeh Is Willing to Serve as Class Representative ........................... 5

        2.    Rofeh Has the "Largest Financial Interest" ....................................... 5

        3.    Rofeh Otherwise Satisfies the Requirements of Rule 23 of the
             Federal Rules of Civil Procedure ....................................................... 7

        4.    Rofeh Will Fairly and Adequately Represent the Interests of the
             Class and Is Not Subject to Unique Defenses ................................. 10

    B.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE
       APPROVED .................................................................................................10

IV.   CONCLUSION.......................................................................................................11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997)...................................................................................................9

*Baby Neal v. Casey*,
  43 F.3d 48 (3d Cir. 1994) ...........................................................................................8

*Beck v. Maximus, Inc.*,
  457 F.3d 291 (3d Cir. 2006) ....................................................................................8, 9

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 11-CV-04003-LHK,
  2012 U.S. Dist. LEXIS 2776 (N.D. Cal. Jan. 9, 2012)..............................................6

*Danis v. USN Communs., Inc.*,
  189 F.R.D. 391 (N.D. Ill. 1999)..................................................................................8

*Fischler v. Amsouth Bancorporation*,
  176 F.R.D. 583 (M.D. Fla. 1997) ...............................................................................7

*Gluck v. Cellstar Corp.*,
  976 F. Supp. 542 (N.D. Tex. 1997) .............................................................................7

*Greebel v. FTP Software*,
  939 F. Supp. 57 (D. Mass. 1996).................................................................................7

*In re Comverse Tech., Inc., Sec. Litig.*,
  2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007).............................................6

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp.2d 286 (E.D.N.Y. 1998) ..........................................................................6, 8

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) ...................................................................................7

*Knox v. Yingli Green Energy Holding Co.*,
  136 F. Supp. 3d 1159 (C.D. Cal. 2015) .......................................................................6

*Lax v. First Merch. Acceptance Corp.*,
  1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ..........................................5, 6

*Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*,
    2013 U.S. Dist. LEXIS 29876 (N.D. Cal. Mar. 4, 2013) ............................................... 6

*Osher v. Guess ?, Inc.*,
    2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) ............................................ 10

*Riordan v. Smith Barney*,
    113 F.R.D. 60 (N.D. Ill. 1986).................................................................................. 9

## **Statutes**

15 U.S.C. § 78u-4..................................................................................................*passim*

PSLRA ..............................................................................................................6, 9

## **Rules**

Fed. R. Civ. P. 23 ...............................................................................................*passim*

Movant Jason Rofeh ("Rofeh")[1] respectfully submits this Memorandum of Law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing Rofeh as Lead Plaintiff on behalf of a class (the "Class") consisting of all persons other than the above-captioned defendants ("Defendants") who purchased or otherwise acquired Homology Medicines, Inc. ("Homology" or the "Company") securities between June 10, 2019 and February 18, 2022, both dates inclusive (the "Class Period"); and (2) approving Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class in the above-captioned action (the "Action").

## I.   PRELIMINARY STATEMENT

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Rofeh, with losses of approximately $892,405, in connection with his purchases of Homology securities, has the largest financial interest in the relief sought in the Action to his knowledge. *See* Pafiti Decl. Ex. B. Rofeh further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure because he is an

---

[1] Rojeh pursues claims in this litigation both on his own behalf and on behalf of Justin Rofeh, Michelle Rofeh-Lensky, Manaz Rofeh, and the Mark Rofeh Trust, from whom he has received a valid assignment of those claims. *See* Declaration of Jennifer Pafiti in Support of Motion ("Pafiti Decl."), Exhibit ("Ex.") A.

adequate representative with claims typical of the other Class members. Accordingly, Rofeh respectfully submits that he should be appointed Lead Plaintiff.

## II.   STATEMENT OF FACTS

Homology, a genetic medicines company, focuses on transforming the lives of patients suffering from rare genetic diseases. The Company's lead product candidate is HMI-102, which is in Phase I/II pheNIX clinical trial, a gene therapy for the treatment of phenylketonuria (PKU) in adults (the "HMI-102 Trial").

On June 10, 2019, Homology issued a press release announcing that it had commenced enrollment of the HMI-102 Trial.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) the Company had overstated HMI-102's efficacy and risk mitigation; (ii) accordingly, it was unlikely that the Company would be able to commercialize HMI102 in its present form; and (iii) as a result, the Company's public statements were materially false and misleading at all relevant times.

On July 21, 2020, Mariner Research ("Mariner") published a report questioning statements by Homology and its officers about the efficacy of HMI-102, the Company's lead product candidate for treatment of phenylketonuria. Mariner focused on Homology's HMI-102 dose escalation pheNIX trial, concluding that the Company

concealed data showing HMI-102's lack of efficacy and indicating that the program was unlikely to proceed to commercialization. Among other evidence, Mariner cited an email from Homology's Chief Communications Officer appearing to indicate the Company's awareness that a HMI-102 high dose patient had adverted to the adverse efficacy issue in a social media post during April 2020.

On this news, Homology's stock price fell $1.71 per share, or 10.38%, over the following three trading days, closing at $14.77 per share on July 24, 2020.

Then, on February 18, 2022, Homology issued a press release disclosing that "the U.S. Food and Drug Administration (FDA) has notified the company that its pheNIX gene therapy trial of HMI-102 in adults with phenylketonuria (PKU) has been placed on clinical hold due to the need to modify risk mitigation measures in the study in response to observations of elevated liver function tests" and that "[t]he Company expects to receive an official clinical hold letter within 30 days."

On this news, Homology's stock price fell $1.26 per share, or 32.64%, to close at $2.60 per share on February 22, 2022.

As a result of Defendants' wrongful acts and omissions, and the decline in the market value of the Company's securities, the plaintiff in the Action and other Class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.    ROFEH SHOULD BE APPOINTED LEAD PLAINTIFF

Rofeh should be appointed Lead Plaintiff because, to his knowledge, he has the largest financial interest in the Action and otherwise meets the requirements of Rule 23. Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Rofeh satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1.    Rofeh Is Willing to Serve as Class Representative

On March 25, 2022, Pomerantz, counsel for plaintiff in the Action, caused a notice to be published over *PR Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against Defendants, and advised investors of Homology securities that they had until May 24, 2022—*i.e.*, 60 days—to file a motion to be appointed as Lead Plaintiff.  *See* Pafiti Decl., Ex. C.

Rofeh has filed the instant motion pursuant to the Notice and has attached a sworn Certification attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary.  *See* Pafiti Decl., Ex. D. Accordingly, Rofeh satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2.    Rofeh Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).

As of the time of the filing of this motion, Rofeh believes that he has the largest financial interest of any of the Lead Plaintiff movants based on the factors articulated in the seminal case *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at

*7-*8 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered).[2]  In accord with courts nationwide, these so-called *Lax* factors have been adopted by courts in the Ninth Circuit, including in this District.   *See, e.g.*, *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) ("District courts have typically considered the [*Lax*] factors to determine who has the largest financial interest[.]" (internal quotation marks and citations omitted)); *Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*, 2013 U.S. Dist. LEXIS 29876, at *18 (N.D. Cal. Mar. 4, 2013) (same); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 11-CV-04003-LHK, 2012 U.S. Dist. LEXIS 2776, at *10-*11 (N.D. Cal. Jan. 9, 2012) (same).  Of the *Lax* factors, courts in this Circuit tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA.  *See, e.g.*, *Knox*, 135 F. Supp. 3d. at 1163; *Nicolow*, 2013 U.S. Dist. LEXIS 29876, at *18-*19.

During the Class Period, Rofeh (1) purchased 307,271 shares of Homology securities; (2) expended $3,788,070 on his purchases of Homology securities; (3) retained 94,400 of his shares of Homology securities; and (4) as a result of the disclosure of the fraud, suffered a loss of $892,405 in connection with his Class Period purchases of

---

[2] *See also In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998).  *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors).

Homology securities.  *See* Pafiti Decl., Ex. B.  Because Rofeh possesses the largest financial interest in the outcome of this litigation, he may be presumed to be the "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3.    Rofeh Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."   Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996).   Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth*

*Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Rule 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory")).

The claims of Rofeh are typical of those of the Class. Rofeh alleges, as do all class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Homology, or omitted to state material facts necessary to make the statements they did make not misleading. Rofeh, as did all members of the Class, purchased Homology securities during the Class Period at prices artificially inflated by Defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same

legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class."  The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy."  *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986); *Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent'" (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997))).

Rofeh is an adequate representative for the Class.  There is no antagonism between the interests of Rofeh and those of the Class, and his losses demonstrate that he has a sufficient interest in the outcome of this litigation.  Moreover, Rofeh has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Rofeh likewise has demonstrated his adequacy because he has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of lead plaintiffs pursuant to the PSLRA, his decision to seek appointment as lead plaintiff, and the steps that he is prepared to take to cooperatively prosecute this litigation on behalf of the Class.  *See* Pafiti Decl., Ex. E.

### 4.    Rofeh Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Rofeh as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interest of the class; or

(bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

The ability and desire of Rofeh to fairly and adequately represent the Class has been discussed above.  Rofeh is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class.

### B.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001).  The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Rofeh has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of

MEMORANDUM OF POINTS AND AUTHORITIES - 2:22-CV-01968-FLA-JPR

investors, as detailed in the firm's resume.  Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer.  *See* Pafiti Decl., Ex. F.  Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010.  *See id.*  Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company.  *See id.*  As a result of Pomerantz's extensive experience in litigation involving issues similar to those raised in the Action, Rofeh's counsel have the skill and knowledge which will enable them to prosecute the Action effectively and expeditiously.  Thus, the Court may be assured that by approving the selection of Lead Counsel by Rofeh, the members of the class will receive the best legal representation available.

## IV.   CONCLUSION

For the foregoing reasons, Rofeh respectfully requests that the Court issue an Order: (1) appointing Rofeh as Lead Plaintiff for the Class; and (2) approving Pomerantz as Lead Counsel for the Class.

Dated:  May 24, 2022                              POMERANTZ LLP

                                                  */s/ Jennifer Pafiti*
                                                  Jennifer Pafiti (SBN 282790)

1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Rofeh and Proposed Lead
Counsel for the Class*

PORTNOY LAW FIRM
Lesley F. Portnoy, Esq.
1800 Century Park East, Suite 600
Los Angeles, California 90067
Telephone: (310) 692-8883
lesley@portnoylaw.com

*Additional Counsel for Rofeh*

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


_/s/ Jennifer Pafiti_____
Jennifer Pafiti