POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Facsimile: (212) 661-8665
jpafiti@pomlaw.com

*Attorney for Movant Jason Rofeh*

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL C. PIZZUTO, Individually and On Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>    v.<br><br>HOMOLOGY MEDICINES, INC., ARTHUR O. TZIANABOS, W. BRADFORD SMITH, and ALBERT SEYMOUR,<br><br>            Defendants. | Case No. 2:22-cv-01968-FLA-JPR<br><br>MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF JASON ROFEH FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS<br><br>DATE:  July 1, 2022<br>TIME:  1:30 p.m.<br>JUDGE:  Fernando L. Aenlle-Rocha<br>CTRM:  6B (1st Street Courthouse) |

Movant Rofeh[1] respectfully submits this Memorandum of Points and Authorities in further support of his motion for appointment as Lead Plaintiff for the Class and approval of his selection of Pomerantz as Lead Counsel for the Class (Dkt. No. 17); and in opposition to the competing motions of: (i) Scott Boyd and Kasey Kahne (collectively, "Boyd and Kahne") (Dkt. No. 13); and (ii) Ronald McCall ("McCall") (Dkt. No. 15).[2]

## I.    PRELIMINARY STATEMENT

This Action is a putative class action securities fraud lawsuit on behalf of investors in Homology securities.  As with all federal class action securities fraud lawsuits, a Lead Plaintiff must be appointed.  The PSLRA governs that process and, pursuant to the PSLRA, the Court should appoint as Lead Plaintiff the movant with the greatest financial interest in the outcome of the action; and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  While the PSLRA does not define "financial interest," courts in this Circuit generally consider a movant's claimed financial loss to be the most important factor in assessing financial interest within the meaning of the PSLRA.  *See, e.g.*, *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015); *Nicolow v. Hewlett Packard Co.*, No. 12-05980

---

[1] All capitalized terms herein are defined in Rofeh's moving brief, unless otherwise indicated. *See* Dkt. No. 18.

[2] Initially one other putative Class member, Jeffrey Ertz ("Ertz"), filed a similar competing motion.  Dkt. No. 9.  On May 25, 2022, Ertz filed a notice of withdrawal of his motion, stating that he "does not appear to have the largest financial interest."  Dkt. No. 21.

CRB, 2013 U.S. Dist. LEXIS 29876, at *18-*19 (N.D. Cal. Mar. 4, 2013). Second to financial loss, courts in this Circuit consider three other factors—shares purchased, funds expended, and net shares purchased (*i.e.* retained shares)—in assessing financial interest. *See, e.g.*, *Knox*, 136 F. Supp. 3d at 1163; *Nicolow*, 2013 U.S. Dist. LEXIS 29876, at *18; *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 11-CV-04003-LHK, 2012 U.S. Dist. LEXIS 2776, at *10-*11 (N.D. Cal. Jan. 9, 2012).

The following table compares Rofeh's financial interest to those of the remaining competing movants:

| Movant | Loss | Purchased Securities | | Retained Securities | | Funds Expended |
|---|---|---|---|---|---|---|
| | | Stock | Options | Stock | Options | |
| Rofeh[3] | ($896,590) | 307,271 | 3,271 | 94,000 | 0 | ($3,839,129) |
| Boyd and Kahne | ($505,772) | 45,000 | 0 | 45,000 | 0 | ($617,622) |
| McCall | ($64,760) | 0 | 486 | 0 | 0 | ($64,760) |

As the table reflects, by any relevant metric, Rofeh has a larger financial interest in this litigation than any competing movant. Rofeh's loss of roughly **$896,590** is significantly larger than that of any competing movant. Similarly, Rofeh's shares purchased, funds expended, and retained shares are likewise larger than that of any competing movant. As such, by any relevant metric, Rofeh clearly has the largest

---

[3] The Certification filed with Rofeh's motion inadvertently omitted a single options transaction that occurred on January 21, 2021. Rofeh's motion papers thus incorrectly stated that he expended $3,788,070 on his Class Period purchases of Homology securities and incurred a loss of $892,405, when he in fact expended $3,839,129 and incurred a loss of $896,590. A corrected Certification and financial interest analysis are submitted herewith. *See* Declaration of Jennifer Pafiti in Further Support of Motion and in Opposition to Competing Motions, Exs. A-B. The figures in the above comparative chart reflect Rofeh's updated loss and funds expended.

financial interest within the meaning of the PSLRA of any putative Class member seeking appointment as Lead Plaintiff.

Rofeh also satisfies the typicality and adequacy requirements of Rule 23.  Rofeh, like all members of the Class, purchased Homology securities at prices artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations or omissions.  These shared claims, which are based on the same legal theory, and arise from the same events and course of conduct as the Class's claims, satisfy the requirements of Rule 23.  *Vataj v. Johnson*, 19-CV-06996-HSG, 2020 WL 532981, at *3 (N.D. Cal. Feb. 3, 2020).  Rofeh's significant losses give him a sufficient stake in this litigation's outcome to ensure vigorous prosecution; Rofeh is aware of no conflict between his interests and those of the putative Class; and in Pomerantz, Rofeh has retained qualified and experienced class counsel.  *Karinski v. Stamps.com, Inc.*, CV 19-1828-R, 2019 WL 8013753, at *1 (C.D. Cal. June 5, 2019); *Harari v. PriceSmart, Inc.*, 19-CV-958 JLS (LL), 2019 WL 4934277, at *3 (S.D. Cal. Oct. 7, 2019).  Rofeh has further demonstrated his adequacy by the submission of a Declaration with his initial motion papers, attesting to, *inter alia*, his understanding of the responsibilities of a Lead Plaintiff, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class.  *See* Dkt. No. 19-5.

For the reasons set forth herein, Rofeh respectfully submits that his motion should be granted in its entirety and that the competing motions should be denied.

## II.    ARGUMENT

### A.    ROFEH SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA creates a strong presumption that the Lead Plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest need only make a *prima facie* showing at this stage that it satisfies the adequacy and typicality requirements of Rule 23.  *In re Cavanaugh*, 306 F.3d 726, 730-31 (9th Cir. 2002).  Once this presumption is triggered, it may be rebutted only upon proof that the presumptive Lead Plaintiff will not fairly represent the interests of the Class.  15 U.S.C. § 78u–4(a)(3)(B)(iii)(II).  Here, the most adequate class representative is Rofeh.

### 1.    Rofeh Has the Largest Financial Interest In The Relief Sought By The Class

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest," courts recognize that the amount of financial loss is the most significant factor to be considered.  *See, e.g.*, *Knox*, 136 F. Supp. 3d at 1163; *Nicolow*, 2013 U.S. Dist. LEXIS 29876, at *18-*19.  Second to financial loss, courts in this Circuit consider three other factors—shares purchased, funds expended, and net

shares purchased (*i.e.* retained shares)—in assessing financial interest. *See, e.g.*, *Knox*, 136 F. Supp. 3d at 1163; *Nicolow*, 2013 U.S. Dist. LEXIS 29876, at \*18; *City of Royal Oak*, 2012 U.S. Dist. LEXIS 2776, at \*10-\*11.

As the chart at p. 2 illustrates, under any of the foregoing metrics, Rofeh has alleged a larger financial interest than any competing movant. Rofeh incurred a loss of $896,590, hundreds of thousands of dollars more than any other movant. Rofeh also purchased more securities during the Class Period, expended more funds on those purchases, and retained more securities at the end of the Class Period than any competing movant.

### 2.    Rofeh Satisfies the Requirements Of Rule 23

In addition to possessing the largest financial interest in the relief sought by the Class, Rofeh has also made the requisite *prima facie* showing that he satisfies the typicality and adequacy requirements of Rule 23. *See Cavanaugh*, 306 F.3d at 730-31. First, Rofeh's claims satisfy the typicality requirement of Rule 23(a)(3) because his claims in this litigation are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See, e.g.*, *Vataj*, 2020 WL 532981, at \*3. Second, Rofeh satisfies the adequacy requirement of Rule 23(a)(4) because he has a sufficient stake in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class. *See, e.g.*, *Karinski*, 2019 WL 8013753, at \*1; *Harari*, 2019 WL 4934277, at \*3. Rofeh has further demonstrated his adequacy by the submission, with his motion papers, of a sworn Declaration, attesting to, *inter alia*, his understanding of the responsibilities of a Lead

Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See* Dkt. No. 19-5.

Finally, as discussed in greater detail below, Rofeh has further demonstrated his adequacy by selecting Pomerantz—counsel highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently—to serve as Lead Counsel for the Class.

* * * *

Because Rofeh has the largest financial interest in the relief sought by the Class and otherwise satisfies Rule 23, he is the presumptive "most adequate plaintiff" of the Class within the meaning of the PSLRA.  To overcome the strong presumption entitling Rofeh to appointment as Lead Plaintiff, the PSLRA requires ***"proof"*** that the presumptive Lead Plaintiff is inadequate.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added).  No such proof exists in this case and any speculative arguments to the contrary should be flatly rejected.

**B.    THE COURT SHOULD DENY THE COMPETING MOTIONS**

Neither Boyd, Kahne, nor McCall may be appointed as Lead Plaintiff in the Action because none of these movants possesses the largest financial interest in the Action, and thus none of these movants satisfies the first of the statutory criteria to be entitled for the "most adequate plaintiff" presumption.  Here, as discussed above, Rofeh clearly possesses

the largest financial interest in this Action by a significant margin.  It is thus self-evident that Boyd, Kahne and McCall do not possess the largest financial interest.  This fact alone suffices to mandate denial of their motions.

### C.    ROFEH'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should interfere with the Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Rofeh has selected Pomerantz as Lead Counsel for the Class.  As its resume reflects, Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors.  *See* Dkt. No. 19-6.  Thus, the Court may be assured that by approving Rofeh's selection of counsel, the members of the Class will receive the best legal representation available.

### III.   CONCLUSION

For the foregoing reasons and for the reasons set forth in his motion brief (Dkt. No. 18), Rofeh respectfully requests that the Court issue an Order granting his motion in all respects and denying the competing motions.

MEMORANDUM OF POINTS AND AUTHORITIES - 2:22-CV-01968-FLA-JPR

Dated:  June 10, 2022

POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Facsimile: (212) 661-8665
jpafiti@pomlaw.com

*Counsel for Movant Jason Rofeh and*
*Proposed Lead Counsel for the Class*

PORTNOY LAW FIRM
Lesley F. Portnoy, Esq.
1800 Century Park East, Suite 600
Los Angeles, California 90067
Telephone: (310) 692-8883
lesley@portnoylaw.com

*Additional Counsel for Movant Jason Rofeh*

CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Jennifer Pafiti*
Jennifer Pafiti