LATHAM & WATKINS LLP
Michele D. Johnson (Bar No. 198298)
 *michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
T: (714) 540-1235 / F: (714) 755-8290

Colleen C. Smith (Bar No. 231216)
 *colleen.smith@lw.com*
12670 High Bluff Drive
San Diego, CA 92130-3086
T: (858) 523-5400 / F: (858) 523-5450

Meryn C. N. Grant (Bar No. 291315)
 *meryn.grant@lw.com*
10250 Constellation Blvd
Century City, CA 90067
T: (424) 653-5500 / F: (424) 653-5501

*Attorneys for Defendants Homology Medicines, Inc., Arthur O. Tzianabos, W. Bradford Smith, Albert Seymour, and Theresa McNeely*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL C. PIZZUTO, Individually and on Behalf of All Others Similarly Situated,<br><br>                          Plaintiff,<br><br>                    v.<br><br>HOMOLOGY MEDICINES, INC., ARTHUR O. TZIANABOS, W. BRADFORD SMITH, ALBERT SEYMOUR, THERESA MCNEELY, and DOES 1-10,<br><br>                          Defendants. | Case No. 2:22-cv-01968-FLA (JPRx)<br><br>CLASS ACTION<br><br>**DEFENDANTS HOMOLOGY MEDICINES, INC., ARTHUR O. TZIANABOS, W. BRADFORD SMITH, THERESA MCNEELY, AND ALBERT SEYMOUR'S NOTICE OF MOTION AND MOTION TO TRANSFER**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge:      Hon. Fernando L. Aenlle-Rocha<br><br>Date: October 14, 2022<br>Time: 1:30 P.M.<br>Place: Courtroom 6B |

TO THE CLERK OF THE COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that on October 14, 2022, at 1:30 p.m., or as soon there-after as the matter may be heard in Courtroom 6B, 350 West First Street, Los Angeles, California 90012, before the Honorable Fernando L. Aenlle-Rocha, Defendants Homology Medicines, Inc., Arthur O. Tzianabos, W. Bradford Smith, Theresa McNeely, and Albert Seymour (collectively, "Defendants"), by and through their counsel of record, will and do move the Court for transfer of the case to the United States District Court, District of Massachusetts, under 28 U.S.C. §§ 1406(a) and 1404(a), made upon the ground that venue is improper in this District and that this matter should be transferred to the District Court for the District of Massachusetts in the interest of justice and for the convenience of the parties and witnesses.

This Motion is based on this Notice of Motion and Motion; the attached Memorandum of Points and Authorities in support of the Motion; the Declaration of Paul Alloway, Ph.D., J.D.; and on all other matters that may be judicially noticed or produced at the hearing of this matter. Pursuant to Local Rule 7-3, the Parties met and conferred on July 12, 2022.

Dated:  September 2, 2022

Respectfully submitted,

LATHAM & WATKINS LLP
Michele D. Johnson
Colleen C. Smith
Meryn C.N. Grant

By  *Michele D. Johnson*
    Michele D. Johnson

*Attorneys for Defendants Homology Medicines, Inc., Arthur O. Tzianabos, W. Bradford Smith, Albert Seymour, and Theresa McNeely*

# TABLE OF CONTENTS

I.    INTRODUCTION ............................................................................................... 1

II.   FACTUAL & PROCEDURAL BACKGROUND ........................................... 2

III.  ARGUMENT ...................................................................................................... 3

    A.   Venue in This District Is Improper ......................................................... 4

    B.   The Interests of Justice Support Transfer of This Case to
        the District of Massachusetts ................................................................... 6

        1.   The District of Massachusetts Is a Proper Venue ....................... 7

        2.   Transfer to The District of Massachusetts Is
            Appropriate ................................................................................... 7

            a.   The Location Where the Operative Events
                Took Place Is in the District of
                Massachusetts .................................................................. 7

            b.   Little or No Deference Is Owed to a
                Nominal Plaintiff's Choice of Forum in a
                Class Action Suit ............................................................ 9

            c.   The Convenience Factors Strongly Favor
                Transfer to the District of Massachusetts ..................... 10

        3.   The Interests of Justice Weigh in Favor of Transfer ............... 11

IV.   CONCLUSION ................................................................................................ 12

LATHAM & WATKINS LLP
ATTORNEYS AT LAW

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO TRANSFER
Case No. 2:22-cv-01968-FLA (JPRx)

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Allstar Mktg. Grp., LLC v. Your Store Online, LLC*,
666 F. Supp. 2d 1109 (C.D. Cal. 2009)..............................................................4

*Am. Health Cap. v. NextCare Holdings, Inc.*,
No. 2:21-cv-01716-FLA (JPRx), 2021 WL 7707816 (C.D. Cal. Sept. 29, 2021)
..................................................................................................................6, 12

*Am. High-Income Tr. v. AlliedSignal Inc.*,
No. CIV.A. 00-690 GMS, 2002 WL 373473 (D. Del. Mar. 7, 2002)..................5

*In re AtheroGenics Sec. Litig.*,
No. 05 Civ. 0061, 2006 WL 851708 (S.D.N.Y. Mar. 31, 2006)..........................1

*Billing v. CSA-Credit Sols. of Am., Inc.*,
No. 10-cv-0108 BEN (NLS), 2010 WL 2542275 (S.D. Cal. June 22, 2010) ......6

*Bondali v. Yum! Brands, Inc.*,
No. SACV 13-117-JST, 2013 WL 12129379 (C.D. Cal. May 1, 2013)........8, 10

*City of N. Miami Beach Police Officers' & Firefighter' Ret. Plan v. Nat'l Gen. Holdings Corp.*,
No. SACV 19-06468, 2019 WL 7900030 (C.D. Cal. Nov. 19, 2019).............8, 9

*City of Pontiac Gen. Emps' Ret. Sys. v. Stryker Corp.*,
No. 10 Civ. 376, 2010 WL 2035130 (S.D.N.Y. May 21, 2010) ..........................8

*Decker Coal Co. v. Commonwealth Edison Co.*,
805 F.2d 834 (9th Cir. 1986) ..............................................................................7

*Delarosa v. State St. Corp.*,
2017 WL 5592912 (C.D. Cal. June 21, 2017)..................................................5, 6

*Doshi v. Gen. Cable Corp.*,
Nos. 13 Civ. 7409 (RA), 13 Civ. 8634 (RA), 2014 WL 12774226 (S.D.N.Y. Feb. 5, 2014).................................................................................................1, 8

*Falcone v. Vitamin Shoppe Indus., Inc.*,
No. SA CV 07-956 AHS, 2008 WL 11336200 (C.D. Cal. June 13, 2008) .......11

*Goff v. Nationwide Mut. Ins. Co.*,
   No. CV 17-7358 PSG, 2018 WL 6003578 (C.D. Cal. Apr. 5, 2018) ............9, 11

*Healey v. Spencer*,
   No. CV 09-7596 AHM (DTBX), 2010 WL 669220 (C.D. Cal. Feb. 22, 2010)
   ...................................................................................................................... 10

*Herman v. The Western Union Company*,
   No. 2:17-cv-00650-CBM-AJW, 2017 WL 5643145 (C.D. Cal. March 30, 2017)..................................................................................................................... 8

*Jones v. GNC Franchising, Inc.*,
   211 F.3d 495 (9th Cir. 2000).........................................................*passim*

*L.A. Gem & Jewelry Design, Inc. v. Ecommerce Innovations, LLC*,
   No. CV 16-9325-RSWL-KSx, 2017 WL 1535084 (C.D. Cal. Apr. 27, 2017).... 4

*Lambert v. Tech. Res. Sols., Inc.*,
   No. LACV 18-1114-VAP, 2018 WL 5919211 (C.D. Cal. Aug. 22, 2018) ....... 11

*Lou v. Belzberg*,
   834 F.2d 730 (9th Cir. 1987) .............................................................................. 9

*Luna v. Wal-Mart Transp. LLC*,
   No. EDCV 18-331 PSG (KKx), 2018 WL 3569357 (C.D. Cal. July 11, 2018)..9

*In re Merit Med. Sys., Inc. Sec. Litig.*,
   No. SA CV 19-02326-DOC-ADS, 2020 WL 2611256 (C.D. Cal. May 11, 2020)
   ........................................................................................................................ 7

*Metz v. U.S. Life Ins. Co. in the City of New York*,
   674 F. Supp. 2d 1141 (C.D. Cal. 2009)............................................................. 6

*Park v. Dole Fresh Vegetables, Inc.*,
   964 F. Supp. 2d 1088 (N.D. Cal. 2013) ........................................................... 11

*Rabinowitz v. Samsung Elecs. Am., Inc.*,
   No. 14-cv-00801-JCS, 2014 WL 5422576 (N.D. Cal. Oct 10, 2014)................ 11

*Reese v. Malone*,
   No. CV 07-07511-RGK, 2008 WL 11342462 (C.D. Cal. June 19, 2008)......... 10

*Sanchez v. Centene Corp.*,
   CV 16-08469 AB (AGRx), 2017 WL 11496768 (C.D. Cal. Mar. 01, 2017) ...... 9

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

iii

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO TRANSFER
Case No. 2:22-cv-01968-FLA (JPRx)

*Sec. Inv. Prot. Corp. v. Vigman*,
    764 F.2d 1309 (9th Cir. 1985)..................................................................................4

*Tran v. Third Ave. Mgmt. LLC*,
    No. CV-16-602-MWF, 2016 WL 6828217 (C.D. Cal. Apr. 12, 2016) ..............9

*Vanleeuwen v. Keyuan Petrochemicals, Inc.*,
    No. CV 11-9495 PSG, 2013 WL 4517242 (C.D. Cal. Aug. 26, 2013)...............5

*In re Yahoo! Inc.*,
    Nos. CV 07-3125 CAS, CV07-3902-CAS(FMOx), 2008 WL 707405 (C.D. Cal.
    Mar. 10, 2008) ........................................................................................5, 9, 10

**STATUTES**

15 U.S.C.
    § 78aa...............................................................................................................3, 4
    § 78aa(a) ...............................................................................................................7

28 U.S.C.
    §1404(a)........................................................................................................*passim*
    §1406(a)........................................................................................................*passim*

Securities Exchange Act of 1934
    Section 10(b)........................................................................................................2
    Section 20(a)........................................................................................................2

**RULES**

17 CFR 240.10b-5 ........................................................................................................2

Local Rule 7-3 .............................................................................................................1

**OTHER AUTHORITIES**

*United States District Courts — National Judicial Caseload Profile*, available at
    https://www.uscourts.gov/sites/default/files/fcms_na_distprofile0630.2022_0.p
    df (last visited September 2, 2022)....................................................................12

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Homology Medicines, Inc. ("Homology" or "the Company"), Arthur O. Tzianabos, W. Bradford Smith, Theresa McNeely, and Albert Seymour (the "Individual Defendants" and, together with Homology, "Defendants") submit this memorandum in support of their motion to transfer venue to the District of Massachusetts pursuant to 28 U.S.C. § 1406(a) or, in the alternative, § 1404(a).

## I.    INTRODUCTION

This federal securities class action has no connection whatsoever to California.  Homology is not headquartered here and has no offices here, and the other defendants Plaintiffs name do not live or work here.  Lead Plaintiffs Jason Rofeh, Scott Boyd, and Kasey Kahne ("Plaintiffs") nevertheless wish to pursue their claims here, engaging in thinly veiled forum shopping.  But venue is not proper in this judicial district under the relevant statutes, and even if this district were a proper venue, federal securities class actions such as this one are routinely transferred to the district where the issuer is headquartered because, as here, that is the location where the alleged wrongdoing occurred, the defendants reside, and the relevant witnesses are located.  *See, e.g.*, *Doshi v. Gen. Cable Corp.*, Nos. 13 Civ. 7409 (RA), 13 Civ. 8634 (RA), 2014 WL 12774226, at *3 (S.D.N.Y. Feb. 5, 2014) ("'transfer of a federal securities-fraud action to the district where the issuer is headquartered . . . [is] routine as a practical matter'") (quoting *In re AtheroGenics Sec. Litig.*, No. 05 Civ. 0061, 2006 WL 851708, *3 (S.D.N.Y. Mar. 31, 2006)); Ann. Manual Complex Lit. § 31.4 at p. 547 (4th ed.) ("the optimal venue for a shareholder class action is the district in which the defendant company is headquartered").  Homology is headquartered in Massachusetts, all of the Individual Defendants live and work in or nearby Massachusetts, the challenged statements were made in Massachusetts, and the principal witnesses live and work in Massachusetts.  The relevant factors strongly favor transfer "in the interest of

justice" over the minimal deference afforded to Plaintiffs' choice of forum.  28 U.S.C. § 1406(a); *id.* § 1404(a).

## II.    FACTUAL & PROCEDURAL BACKGROUND

Homology is a clinical-stage genetic medicines company that develops treatments for rare genetic diseases.  Compl. ¶ 2.  It is incorporated in Delaware and headquartered in Bedford, Massachusetts.  *Id.* ¶ 26.  Most of Homology's corporate officers and high-level employees work at Homology's headquarters in Massachusetts.  Declaration of Paul Alloway, Ph.D., J.D. ("Alloway Decl.") ¶ 4.  Although some employees work remotely, Homology does not maintain offices outside of Massachusetts.  *Id.* ¶ 5.  All of the Individual Defendants—Arthur O. Tzianabos, Homology's Chief Executive Officer and member of the Board; W. Bradford Smith, Homology's Chief Financial Officer and Business Officer; Theresa McNeely, Homology's Chief Communications Officer and Patient Advocate; and Albert Seymour, Homology's Chief Scientific Officer and President—work at Homology's headquarters in Massachusetts.  *Id.* ¶ 6.  Mr. Tzianabos lives in Reading, Massachusetts, Mr. Smith lives in southern New Hampshire, a neighboring state, Ms. McNeely lives in Norfolk, Massachusetts, and Mr. Seymour lives in Westborough, Massachusetts, all within or close to the District of Massachusetts.  *Id.* ¶ 7.

On March 25, 2022, Plaintiff Michael C. Pizzuto filed a putative securities class action complaint against Homology and several of the Individual Defendants. ECF 1.  On July 1, 2022, the Court appointed Jason Rofeh, Scott Boyd, and Kasey Kahne as Co-Lead Plaintiffs, and Levy & Korsinsky and Pomerantz LLP as Co-Lead Counsel.  ECF 38 at 1.

On August 15, 2022, Plaintiffs filed an amended complaint ("Complaint") alleging violations of Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 on behalf of a class of persons who purchased Homology stock between March 12, 2020, and February 18, 2022.  Compl. ¶ 1.  Plaintiffs' claims rest on

certain statements related to Homology's pheNIX clinical trial of HMI-102, a gene therapy for phenylketonuria, which is a rare genetic condition that can result in brain damage. *See id.* ¶ 3. These statements are reflected in Homology press releases and financial reports issued from Homology's Massachusetts headquarters, on public earnings conference calls conducted from Massachusetts, in public SEC filings prepared in Massachusetts, in an email sent by Ms. McNeely from Massachusetts, and in a report issued by a non-party investment bank headquartered in Wisconsin. *See generally id.* ¶¶ 97-157.

Plaintiffs offer no allegations establishing that any event relevant to these statements occurred within this judicial district. Instead, Plaintiffs speculate that because non-party Dr. Saswati Chatterjee, Homology's co-founder and a member of its Scientific Advisory Board, resides and works in Los Angeles County, "[r]elevant and material information" is located in this district. *Id.* ¶ 17. But Plaintiffs merely allege that Dr. Chatterjee "developed the gene editing and gene therapy technolog[ies]" by which Homology's treatments, including HMI-102, are delivered to patients, not that Dr. Chatterjee had any role in the pheNIX clinical trial or any involvement in the statements that are the subject of this lawsuit. *See id.* ¶¶ 17, 35-36. Similarly, Plaintiffs point to Homology's patent license agreements with two facilities in Los Angeles County, but they allege no connection between those agreements and the subjects discussed in the challenged statements at issue in this case. *See id.* ¶¶ 18-20.

## III.   ARGUMENT

Venue does not lie in this judicial district. *See* 15 U.S.C. § 78aa. The Court accordingly must dismiss this action or transfer it to the District of Massachusetts, which is the district where the case should have been brought. *See* 28 U.S.C. § 1406(a). Alternatively, even if the Court finds this district a proper venue, it should exercise its discretionary authority to transfer the case to the District of

Massachusetts based on the convenience to the parties and witnesses and in the interests of justice. *See* 28 U.S.C. § 1404(a).

### A.    Venue in This District Is Improper

In a federal securities action, brought under the Securities Exchange Act of 1934 ("Exchange Act"), venue is governed by Section 27 of the Exchange Act, 15 U.S.C. § 78aa. *See Sec. Inv. Prot. Corp. v. Vigman*, 764 F.2d 1309, 1316 (9th Cir. 1985). Section 27 provides that Exchange Act claims "may be brought either (1) in the district wherein the defendant is found or is an inhabitant or transacts business, or (2) in the district wherein any act or transaction constituting the violation occurred." *Id.* Plaintiffs satisfy neither of these prongs.

*First*, Plaintiffs do not allege facts establishing that venue is proper based on Defendants' residence or conduct of business in this district. At best, Plaintiffs allege that Homology is a party to license agreements with entities located in Los Angeles (Compl. ¶¶ 18-19), but they fail to allege any facts establishing that any of the other defendants are found in, inhabit, or transact business in this judicial district, as required to establish proper venue. *See L.A. Gem & Jewelry Design, Inc. v. Ecommerce Innovations, LLC*, No. CV 16-9325-RSWL-KSx, 2017 WL 1535084, at *2 (C.D. Cal. Apr. 27, 2017) ("plaintiff is required to establish that venue is proper as to each defendant and as to each claim"); *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1126 (C.D. Cal. 2009) (same).

*Second*, Plaintiffs do not allege facts establishing that the acts constituting the supposed violation of the securities laws occurred in this district. While Plaintiffs allege that the basic science underlying Homology's drug candidate, HMI-102, was developed in Los Angeles County prior to May 2017 (Compl. ¶¶ 17, 43), Plaintiffs fail to link that purported fact to any of the claims in this case, which focus on the pheNIX clinical trial that ran from 2019 to 2022 (*see id.* ¶ 10). And while Plaintiffs allege that the former named plaintiff, Mr. Pizzuto—who is

not a lead plaintiff but merely one of many absent potential class members—read Homology's SEC filings and purchased Homology stock in this district (*id.* ¶ 16), courts have held that venue is not established in a federal securities class action based on the location of a potential class member's stock purchases or the mere fact that a company's statements and SEC filings are available in the district.  *See, e.g.*, *Vanleeuwen v. Keyuan Petrochemicals, Inc.*, No. CV 11-9495 PSG (JCGx), 2013 WL 4517242, at *6-7 (C.D. Cal. Aug. 26, 2013) (finding venue improper based on nearly identical allegations that the plaintiff purchased securities based on false information "made available" to him through SEC filings within the district).

To the contrary, in a securities fraud class action, the claims "are based on defendants' alleged misrepresentations and omissions, which are deemed to occur in the district where they are transmitted or withheld, not where they are received." *In re Yahoo! Inc.*, Nos. CV 07-3125 CAS (FMOx), CV07-3902-CAS(FMOx), 2008 WL 707405, at *8 (C.D. Cal. Mar. 10, 2008) (internal quotations and citation omitted); *see also Delarosa v. State St. Corp.*, 2017 WL 5592912, at *4 (C.D. Cal. June 21, 2017) (finding venue in California improper for a Massachusetts-based company despite allegations that SEC filings were disseminated nationwide, and transferring case to the District of Massachusetts); *Am. High-Income Tr. v. AlliedSignal Inc.*, No. CIV.A. 00-690 GMS, 2002 WL 373473, at *2 (D. Del. Mar. 7, 2002) ("[T]he fact that SEC filings and related press releases could have been received and read in Delaware is insufficient to find that Delaware is a proper venue for the director defendants.").  Here, there is no genuine dispute that the challenged statements were contained in Homology's press releases issued from its Massachusetts headquarters (not California), on public earnings conference calls conducted from its Massachusetts (not California) headquarters, in an email allegedly sent by Ms. McNeely from Massachusetts (not California), and in SEC filings that were prepared in Massachusetts and filed in Washington, D.C. (not California).  *See* Compl. ¶¶ 97-157; Alloway Decl. ¶¶ 8-9.  Plaintiffs accordingly

have not established that this district is the proper venue for their claims, and the complaint must be dismissed or the case transferred to a "district or division in which it could have been brought."  28 U.S.C. § 1406(a); *see also Delarosa*, 2017 WL 5592912, at *5 ("once the Court determines that venue is not proper in the forum district, § 1406(a) applies").

### B.    The Interests of Justice Support Transfer of This Case to the District of Massachusetts

Even a case that is initially brought in a proper venue may be transferred at the Court's discretion for "the convenience of the parties and the witnesses, in the interest of justice" to another district in which the suit may have been brought.  28 U.S.C. § 1404(a); *see also Am. Health Cap. v. NextCare Holdings, Inc.*, No. 2:21-cv-01716-FLA (JPRx), 2021 WL 7707816, at *2 (C.D. Cal. Sept. 29, 2021) (quoting *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000)) (courts have "broad discretion" to transfer venue and should perform an 'an individualized, case-by-case consideration of convenience and fairness'").

The same analysis applies whether a court is evaluating a transfer of venue under Section 1406 (mandatory dismissal or transfer for improper venue) or Section 1404 (discretionary transfer).  *See, e.g.*, *Billing v. CSA-Credit Sols. of Am., Inc.*, No. 10-cv-0108 BEN (NLS), 2010 WL 2542275, at *5 (S.D. Cal. June 22, 2010) (when deciding whether transfer would be in the interests of justice under Section 1406, the relevant factors "are the same as those applicable to Section 1404(a)").  The first—and threshold—question in determining transfer is whether the action "might have been brought in the district to which transfer is sought." *Metz v. U.S. Life Ins. Co. in the City of New York*, 674 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009) (internal quotations and citation omitted).  If so, the Court then analyzes several factors, often referred to as the *Jones* factors, to determine whether convenience and the interests of justice warrant transferring venue: (1) the location where any relevant agreements were negotiated and executed;

(2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof. *Jones*, 211 F.3d at 498-99. This case easily satisfies these criteria. Accordingly, even if the Court were to deem venue proper, the action should be transferred to the District of Massachusetts under this Court's discretionary authority.

### 1.      The District of Massachusetts Is a Proper Venue

The answer to the threshold question—whether this action could have been brought in the District of Massachusetts—is clearly "yes." As noted above, the Defendants are found and transact business (15 U.S.C. § 78aa(a)) in the District of Massachusetts. Defendants do not expect Plaintiffs to dispute this fact.

### 2.      Transfer to The District of Massachusetts Is Appropriate

Having found that venue in the transferee district is proper, the Court next weighs the multiple *Jones* factors to determine "'whether transfer is appropriate in a particular case.'" *In re Merit Med. Sys., Inc. Sec. Litig.*, No. SA CV 19-02326-DOC-ADS, 2020 WL 2611256, at *1 (C.D. Cal. May 11, 2020) (quoting *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)). These factors weigh strongly in favor of transfer to the District of Massachusetts.

#### a.      The Location Where the Operative Events Took Place Is in the District of Massachusetts

The first, fourth, and fifth *Jones* factors relate to the location of alleged events and relevant contacts with the forum: (1) the "location" where the operative events took place; (4) "the respective parties' contacts with the forum"; and (5)

"the contacts relating to the plaintiff's cause of action in the chosen forum." *Jones*, 211 F.3d at 498-99.[1]  Each of these factors supports transfer.

There is no question that the location of the operative facts and the contacts relating to the claims is Massachusetts, not California.  Plaintiffs' claims focus on allegedly false or misleading statements made in Massachusetts (and the only statement not made in Massachusetts is a non-actionable statement made by a third-party analyst).  *See Bondali v. Yum! Brands, Inc.*, No. SACV 13-117-JST (JPRx), 2013 WL 12129379, at *4 (C.D. Cal. May 1, 2013) (transferring case and weighing the location of the statements made by the company and named defendants in the alternative forum); *City of N. Miami Beach Police Officers' & Firefighter' Ret. Plan v. Nat'l Gen. Holdings Corp.*, No. SACV 19-06468 AG (KESx), 2019 WL 7900030, at *3 (C.D. Cal. Nov. 19, 2019) (transferring case to the Southern District of New York because the "false statements allegedly made in SEC filings, press releases, and other public statements, were prepared and issued from New York" and "the earnings conference call referenced in the Complaint originated from New York"); *Herman v. The Western Union Company*, No. 2:17-cv-00650-CBM-AJW, 2017 WL 5643145 (C.D. Cal. March 30, 2017) (granting motion to transfer to the district where the challenged statements were prepared and transmitted); *City of Pontiac Gen. Emps' Ret. Sys. v. Stryker Corp.*, No. 10 Civ. 376, 2010 WL 2035130, at *4 (S.D.N.Y. May 21, 2010) ("the locus of operative events in a securities action is where the alleged misrepresentations were made").

The parties' contacts to the forum and the relationships of the Plaintiffs' claims to the forum similarly favor transfer.  Lead Plaintiffs have little to no contacts with California, whereas Defendants have extensive contacts with

---

[1] The second *Jones* factor—the state that is most familiar with the governing law—does not apply here as the claims are governed by federal law.  *See Doshi*, 2014 WL 12774226, at *4.

Massachusetts.  *See City of N. Miami,* 2019 WL 7900030, at *2 (stating that "[i]n assessing the convenience of the parties to a securities action, 'weighty consideration' is given to 'the location of the defendants'") (quoting *In re Yahoo! Inc.*, 2008 WL 707405, at *3); *Sanchez v. Centene Corp.*, CV 16-08469 AB (AGRx), 2017 WL 11496768, at *2 (C.D. Cal. Mar. 01, 2017) (granting motion to transfer where all defendants resided in and the corporation had headquarters in the transferee district, but lead plaintiffs did not have significant connections to their chosen venue).  Plaintiffs' claims likewise focus on statements related to the progress and prospects of the pheNIX clinical trial of HMI-102, which was primarily analyzed and overseen by Homology and its partners from Massachusetts.  *See* Alloway Decl. ¶ 10; *see also Goff v. Nationwide Mut. Ins. Co.*, No. CV 17-7358 PSG (AFMx), 2018 WL 6003578, at *4 (C.D. Cal. Apr. 5, 2018) (transferring putative class action where, among other factors, "the majority of Defendants' employees who designed, implemented, and oversaw the [programs] at issue in this case . . . reside and work in Ohio").

### b. Little or No Deference Is Owed to a Nominal Plaintiff's Choice of Forum in a Class Action Suit

The third *Jones* factor considers "the plaintiff's choice of forum." *Jones*, 211 F.3d at 498-99.  Ordinarily, a plaintiff's choice of forum is entitled to deference, but that deference is "limited" where, as here, the original plaintiff filed "as [a] representative of a putative national class." *Luna v. Wal-Mart Transp. LLC*, No. EDCV 18-331 PSG (KKx), 2018 WL 3569357, at *5 (C.D. Cal. July 11, 2018); *see also Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ( "[W]hen an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight").  This is especially true in a national class action suit like this one, where additional complaints could have been filed in different districts, and thousands of additional members from across the country could join the yet-to-be-certified class. *See Tran v. Third Ave. Mgmt. LLC*, No. CV-16-602-

MWF (SSx), 2016 WL 6828217, *4 (C.D. Cal. Apr. 12, 2016) (granting defendants' motion to transfer from the Central District of California to the Southern District of New York "[a]lthough there may be additional putative class members who reside in California" because of the "nationwide nature of the putative class").

A plaintiff's choice of forum is also afforded less weight when the plaintiff does not reside within the chosen district, which is the situation here. *See Bondali*, 2013 WL 12129379, at *5 (finding that "plaintiff's choice of forum should be accorded minimal weight" where case was "a nationwide class action, Lead Plaintiff does not reside in this district and, as currently pleaded, this case has no connection to this district"); *Healey v. Spencer*, No. CV 09-7596 AHM(DTBX), 2010 WL 669220, at *1 (C.D. Cal. Feb. 22, 2010) ("if the plaintiff does not reside in his chosen forum, courts accord considerable less deference to his choice of forum"); *In re Yahoo!*, 2008 WL 707405, at *6 ("Because plaintiffs do not reside in this forum and because this case is a class action, the usual reasons for deferring to a plaintiff's choice of forum do not apply."). The Complaint does not allege that any of the appointed Lead Plaintiffs resides in this District. *See* Compl. ¶¶ 15-25. And while Lead Plaintiffs refer to the individual who filed the original complaint in this action, Mr. Pizzuto, as a resident of this judicial district, Mr. Pizzuto is not a lead plaintiff and is therefore no different than any other absent class member. *See Reese v. Malone*, No. CV 07-07511-RGK (RCx), 2008 WL 11342462, at *4 (C.D. Cal. June 19, 2008) (a "Nominal Plaintiff's decision to file in California is afforded little weight" in securities class action transfer analysis).

c.   **The Convenience Factors Strongly Favor Transfer to the District of Massachusetts**

The sixth, seventh, and eighth *Jones* factors—(6) differences in litigation costs, (7) the availability of compulsory process, and (8) the ease of access to

sources of proof (*Jones*, 211 F.3d at 498-99)—generally focus on the relative convenience to the parties.  These factors support transfer.

The cost of litigation in Massachusetts will be lower than here.  As courts have recognized, the "costs of litigation" are "substantially lessened if the venue is in the district in which most of the documentary evidence is stored," in this case, Massachusetts.  *Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1095 (N.D. Cal. 2013); *see also Goff*, 2018 WL 6003578, at *5 ("cost *and* accessibility considerations" favored a transfer where "the bulk of evidence" was in Ohio) (emphasis in original).

The majority of relevant witnesses likewise are Homology employees located in Massachusetts, so the remaining two factors also weigh in favor of transfer.  *See, e.g.*, *Lambert v. Tech. Res. Sols., Inc.*, No. LACV 18-1114-VAP (RAOx), 2018 WL 5919211, at *7 (C.D. Cal. Aug. 22, 2018) (convenience of witnesses favored transfer where "the majority of the material witnesses" resided in Georgia); *Falcone v. Vitamin Shoppe Indus., Inc.*, ., No. SA CV 07-956 AHS (ANx), 2008 WL 11336200, at *2 (C.D. Cal. June 13, 2008) (concluding that "the availability of compulsory process" favored transfer where "nearly all material witnesses with knowledge" resided in the transferee district).

### 3.    The Interests of Justice Weigh in Favor of Transfer

Finally, in addition to the *Jones* factors, other considerations relevant to the interests of justice strongly support transfer to the District of Massachusetts.  The District of Massachusetts unquestionably has an interest in deciding an action involving Homology, a business headquartered there.  *See Rabinowitz v. Samsung Elecs. Am., Inc.*, No. 14-cv-00801-JCS, 2014 WL 5422576, at *7-8 (N.D. Cal. Oct 10, 2014) (a district "has an interest in deciding controversies involving businesses headquartered there").  The courts' respective caseloads likewise favor transfer as the District of Massachusetts has fewer pending cases per judgeship (342 total, 249 weighted) than this district (471 total, 563 weighted), an important factor that this

Court has previously considered. *See Am. Health Cap.*, 2021 WL 7707816, at *3 (transferring action where this district had "a significantly heavier caseload per judgeship" than the transferee district); *United States District Courts — National Judicial Caseload Profile*, available at https://www.uscourts.gov/sites/default/files/fcms_na_distprofile0630.2022_0.pdf (last visited September 2, 2022).

## IV.   CONCLUSION

Defendants respectfully request that the Court transfer this case to the United States District Court for the District of Massachusetts, Boston Division.

Dated:  September 2, 2022                    Respectfully submitted,

LATHAM & WATKINS LLP
Michele D. Johnson
Colleen C. Smith
Meryn C.N. Grant

By   *Michele D. Johnson*
        Michele D. Johnson

*Attorneys for Defendants Homology Medicines, Inc., Arthur O. Tzianabos, W. Bradford Smith, Albert Seymour, and Theresa McNeely*