UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MATT GOLDSTEIN, et al., on
and on behalf of a class of others similarly
situated,

                        Plaintiffs,

       v.

GENERAL MOTORS LLC,

                        Defendant.

Case No.: 3:19-cv-01778-RSH-AHG

**ORDER DENYING MOTION TO TRANSFER VENUE**

[ECF No. 95]

Defendant General Motors LLC ("GM" or "Defendant") filed a Motion to Transfer Venue to the District of Delaware pursuant to 28 U.S.C. § 1404(a). ECF No. 95. The Motion has been fully briefed. *See* ECF Nos. 97 (Plaintiffs' Opposition), 99 (Defendant's Reply). The Court finds this Motion suitable for disposition without oral argument per Civil Local Rule 7.1(d)(1). As set forth below, Defendant's Motion is denied.

## I.    Background

This putative class action was originally filed on September 16, 2019. ECF No. 1. The Complaint included seven named plaintiffs, including residents of California, Florida, Michigan, and Texas. *Id.* ¶¶ 19-25. Plaintiffs pleaded claims under federal and state (California, Florida, Michigan, and Texas) law, based on allegedly defective Cadillac User

Experience ("CUE") navigation and radio touch screen displays in certain 2013-17 models of Cadillac. *See* ECF No. 1. Plaintiffs sought to certify a nationwide class and four state sub-classes. *Id.* ¶ 168. The First Amended Complaint, filed on December 2, 2019, included additional parties, claims, and putative subclasses. ECF No. 24.

On April 13, 2020, the Court granted in part and denied in part Defendant's Motion to Dismiss the First Amended Complaint. ECF No. 48. The Court dismissed the claims of all non-California plaintiffs, based on lack of personal jurisdiction. *Id.* at 10. Additionally, the Court granted the Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) as to certain claims, denied it as to others, and granted Plaintiffs leave to amend. *Id.* at 48.

On May 13, 2020, Plaintiffs filed a Second Amended Complaint ("SAC"). ECF No. 49. The SAC included only California residents and claims under California law. *Id.*

On May 15, 2020, individuals whose claims had been dismissed for lack of personal jurisdiction in this case filed a class action lawsuit in the District of Delaware alleging the same defect. *Robinson, et al. v. Gen. Motors LLC*, No. 1:20-cv-00663-RTD (D. Del. May 15, 2020) ("*Robinson*"). That case is pending.

On February 3, 2021, this Court granted in part and denied in part Defendant's Motion to Dismiss the SAC. ECF No. 62. The current operative complaint is the Third Amended Complaint ("TAC"), filed on March 5, 2021. ECF No. 67. On February 16, 2022, the Court granted in part and denied in part Defendant's Motion to Dismiss, narrowing the injunctive relief available to Plaintiffs. ECF No. 81.

As alleged in the TAC, Plaintiffs are four purchasers of new and used Cadillacs in the State of California. ECF No. 67 ¶¶ 101, 109, 116, 128. Each of the four plaintiffs is a citizen and resident of California. *Id.* ¶¶ 20-23. The Complaint further alleges that certain Plaintiffs brought these alleged defects to GM dealerships in California and Nevada, and that those dealerships charged for repair of the problem. *Id.* ¶¶ 113, 131. Plaintiffs assert claims arising under California law, including breach of implied warranty, violations of unfair competition and consumer protection laws, and unjust enrichment. *Id*. ¶¶ 154-213.

3:19-cv-01778-RSH-AHG

On June 8, 2022, Defendant moved pursuant to 28 U.S.C. § 1404(a) to transfer this action to the District of Delaware, so that it can be consolidated with *Robinson*. ECF No. 95.

## II. Legal Standard

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."[1] A court's decision to transfer a case or not requires an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 23 (1988). However, the decision is ultimately left to the discretion of the district court. *See Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007).

Courts consider several factors in determining whether to transfer a case, including: (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the location of books and records; (5) which forum's law applies; (6) the interests of justice; and (7) administrative considerations. *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1130 (C.D. Cal. 2009).[2] "The burden is on

---

[1] Courts may transfer a civil action "to any district or division to which all parties have consented." 28 U.S.C. § 1404. However, the Parties have not consented here.

[2] The Ninth Circuit provided a different list of illustrative factors in a case involving a dispute over contracts containing a forum selection clause: "For example, the court may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). In addition to enumerating those factors, the Ninth Circuit noted that "the presence of a forum selection clause is a 'significant factor,'" and that "the relevant public policy of the forum state, if any, is at least as significant a factor in the § 1404(a) balancing." *Id.* at 499.

3:19-cv-01778-RSH-AHG

the moving party to establish that a transfer will allow a case to proceed more conveniently and better serve the interests of justice." *Id.* at 1131.

## III. Analysis

In ruling on Defendant's Motion, this Court is addressing if the case should be transferred to the District of Delaware. This Court is not deciding—and cannot decide— whether this case should be consolidated with the *Robinson* case after a transfer.

### A. Plaintiffs Could Have Filed This Action In The District of Delaware.

As an initial matter, Section 1404(a) authorizes the transfer of a "civil action to any other district . . . where it might have been brought . . . ." 28 U.S.C. § 1404(a).[3] For Plaintiffs to have filed this case in Defendant's proposed forum, the District of Delaware would require subject matter jurisdiction over the action, personal jurisdiction over the Defendant, and proper venue for the action. *See Rubio v. Monsanto Co.*, 181 F. Supp. 3d 746, 760 (C.D. Cal. 2016).

The District of Delaware would have subject matter and personal jurisdiction here. Plaintiffs do not contest that Defendant would be subject to personal jurisdiction in the District of Delaware, just as Defendant is in *Robinson*. The District of Delaware would likewise have subject matter jurisdiction over this action no differently from this Court. Therefore, the Court need only inquire if venue is proper in Defendant's requested forum.

One basis for venue is 28 U.S.C. § 1391(b)(1), which provides that an action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located[.]" An entity defendant is "deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." 28 U.S.C. § 1391(c)(2).

---

[3] Defendant asserts that Plaintiffs "could have brought this case in the District of Delaware." ECF No. 95-1 at 8. However, Defendant does not undertake to analyze how venue for *this* case would be proper in the District of Delaware. *See id.* Instead, Defendant relies on the fact that the *Robinson* Complaint alleges that venue is proper for *that* case in the District of Delaware. *Id.*

4

Defendant GM is a Delaware LLC, wholly owned by another Delaware LLC (General Motors Holdings LLC), in turn wholly owned by a Delaware corporation (General Motors Co.). ECF No. 9 (Defendant's Corporate Disclosure Statement). Furthermore, Plaintiffs do not contest that venue for this action against Defendant would be proper in the District of Delaware. Accordingly, venue for this case could have been proper in the District of Delaware.

### B.      The Relevant Factors Disfavor A Transfer.

Given that this case "might have been brought" in the District of Delaware, the Court determines whether transfer is appropriate under 28 U.S.C. § 1404(a) by considering the relevant factors in turn.

First, this District is the Plaintiffs' choice of forum. The Parties dispute the degree of deference due to Plaintiffs' choice where the case is a class action. Defendant argues that "when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight." ECF No. 95-1 at 11 (quoting *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987)). Even so, "less weight" still means that some deference is afforded. *See, e.g.*, *Hendricks v. StarKist Co.*, No. 13-CV-729 YGR, 2014 WL 1245880, at *2-3 (N.D. Cal. Mar. 25, 2014) (discussing "diminished degree of deference," and ultimately applying "at least some deference" where plaintiff sought to represent nationwide class and California class). Here, this factor favors denial of a transfer.

Second and third, the District of Delaware is not more convenient for the Parties and the witnesses. All plaintiffs are citizens and residents of California. ECF No. 67 ¶¶ 20-23. The TAC alleges that Plaintiffs purchased their vehicles in California, and that their interactions took place with either California or Nevada GM dealerships. *Id.* ¶¶ 101-38. Defendant notes that it is "headquartered in Michigan, where its key witnesses are located." ECF No. 95-1 at 10. However, Defendant does not contend that any witnesses are in Delaware. Instead, Defendant argues that "it is much more efficient for these identical class actions to be litigated in one forum to avoid duplicative discovery, and unnecessary time, cost, and burden," because of the pending *Robinson* action in the District of Delaware. *Id.*

3:19-cv-01778-RSH-AHG

at 11. Apart from this generalized argument that consolidation would result in greater efficiency, Defendant has not shown in concrete terms how proceeding in this District would inconvenience any party or witness. *See Prescott v. Bayer HealthCare LLC*, No. 5:20-CV-00102, 2020 WL 3505717, at *4 (N.D. Cal. June 29, 2020) ("To establish inconvenience, 'the moving party must name the witnesses, state their location, and explain their testimony and its relevance.'" (quoting *Imran v. Vital Pharm., Inc.*, No. 18-CV-05758-JST, 2019 WL 1509180, at *4 (N.D. Cal. Apr. 5, 2019))); *Bohara v. Backus Hosp. Med. Benefit Plan*, 390 F. Supp. 2d 957, 963 (C.D. Cal. 2005) ("[I]f the transfer is for the convenience of witnesses, [the] defendant must name the witnesses it wishes to call, the anticipated area of their testimony and its relevance, and the reasons why the present forum would present hardship to them."). On balance, these two factors favor denial of a transfer.

Fourth, it does not appear from the Parties' briefing that the location of books and records favors either granting or denying a transfer. *See Doe v. Epic Games, Inc.*, 435 F. Supp. 3d 1024, 1042 (N.D. Cal. 2020) ("[I]n the age of electronically stored information, the ease of access to evidence is neutral because much of the evidence in this case will be electronic documents, which are relatively easy to obtain in any district." (quoting *Simpson Strong-Tie Co. v. Oz-Post Int'l, LLC*, No. 3:18-CV-01188-WHO, 2018 WL 3956430, at *8 (N.D. Cal. Aug. 17, 2018))). This factor is neutral as to a transfer.

Fifth, all of Plaintiffs' claims arise under California law. Of course, this District routinely applies California law. This factor favors denial of a transfer.

Sixth, transferring the case at this stage would disserve the interests of justice. This lawsuit was filed in this District in June 2019. After three years of litigation, it would be unfair to force the Plaintiffs in this case—each of them California residents—to pursue their claims arising under California law in another forum because non-California residents later filed a lawsuit in that other forum asserting claims under the laws of other states. Indeed, Defendant does not explain why it waited over two years after *Robinson* was filed in May 2020, to bring this Motion. This factor favors denial of a transfer.

3:19-cv-01778-RSH-AHG

Finally, administrative considerations favor neither granting nor denying a transfer. This factor primarily looks to "whether a trial may be speedier in another court because of its less crowded docket." *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1337 (9th Cir. 1984) (forum non conveniens case); *but see Allstar Mktg. Grp.*, 666 F. Supp. 2d at 1134 ("Administrative considerations such as docket congestion are given little weight in this circuit"). Although the decision on consolidation would be made by the transferee district, transferring this case to the District of Delaware would likely serve judicial efficiency. Nonetheless, the District of Delaware maintains five times the civil weighted filings per judgeship compared to this District.[4] Therefore, this factor is neutral as to a transfer.

Balancing the relevant factors, the Court finds that Defendant has failed to carry its burden.[5] While two of the relevant factors are neutral as to transferring this case, the other five weigh against a transfer of this case. The efficiencies to be gained by transferring this case to the District of Delaware are outweighed by the fact that this case involves California plaintiffs on behalf of a putative California class bringing claims under California law arising out of events occurring in California. The Court declines to exercise its discretion to transfer venue.

**IV.    Conclusion**

For the reasons above, Defendant's Motion [ECF No. 95] is DENIED.

**SO ORDERED.**

Dated: October 12, 2022.

*Robert S Huie*
_____
Hon. Robert S. Huie
United States District Judge

---

[4]    *See* Admin. Office of the U.S. Courts, *U.S. District Courts — Judicial Business 2021* tbl.X-1A (Sept. 30, 2021), www.uscourts.gov/statistics/table/x-1a/judicial-business/2021/09/30.

[5]    The Court finds that no other factors favor granting a transfer.

7

3:19-cv-01778-RSH-AHG