LATHAM & WATKINS LLP
Michele D. Johnson (Bar No. 198298)
 michele.johnson@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Tel:  (714) 540-1235
Fax:  (714) 755-8290

Colleen C. Smith (Bar No. 231216)
 colleen.smith@lw.com
12670 High Bluff Drive
San Diego, CA 92130-3086
Tel:  (858) 523-5400
Fax:  (858) 523-5450

Meryn C. N. Grant (Bar No. 291315)
 meryn.grant@lw.com
355 South Grand Avenue
Los Angeles, CA 90071-1560
Tel:  (213) 485-1234
Fax:  (213) 891-8763

*Attorneys for Defendants Homology Medicines, Inc., Arthur O. Tzianabos, W. Bradford Smith, Albert Seymour, and Theresa McNeely*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL C. PIZZUTO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HOMOLOGY MEDICINES, INC., ARTHUR O. TZIANABOS, W. BRADFORD SMITH, ALBERT SEYMOUR, THERESA MCNEELY, and DOES 1-10,<br><br>Defendants. | Case No. 2:22-cv-01968-FLA (JPRx)<br><br>CLASS ACTION<br><br>**REQUEST FOR INCORPORATION BY REFERENCE AND JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS HOMOLOGY MEDICINES, INC., ARTHUR O. TZIANABOS, W. BRADFORD SMITH, THERESA MCNEELY, AND ALBERT SEYMOUR'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT**<br><br>Judge:  Hon. Fernando L. Aenlle-Rocha<br>Date:    February 17, 2023<br>Time:    1:30 p.m.<br>Place:    Courtroom 6B |

Pursuant to the incorporation by reference doctrine and Federal Rule of Evidence 201, Defendants Homology Medicines, Inc. ("Homology" or the "Company") and Arthur O. Tzianabos, W. Bradford Smith, Albert Seymour, and Theresa McNeely (together with Homology, "Defendants") respectfully request that the Court incorporate by reference, or alternatively, take judicial notice of, **Exhibits** 1-8 and 10-14.  Additionally, Defendants request that the Court take judicial notice of **Exhibits** 9 and 15.  These documents are submitted in support of Defendants' Motion to Dismiss Plaintiffs' Amended Class Action Complaint ("Complaint" or "AC").  Defendants recognize that the incorporation-by-reference doctrine and Federal Rule of Evidence 201 are to be used judiciously; they thus seek incorporation by reference and judicial notice of a limited number of documents that are cited in and form the basis of the Complaint, or are otherwise appropriate for consideration in connection with a motion to dismiss.

## I.    LEGAL STANDARD

When resolving a motion to dismiss for failure to state a claim, a court should "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (citation omitted); *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014); *see also, e.g.*, *Riva v. Pepsico, Inc.*, 82 F. Supp. 3d 1045, 1050 n.1 (N.D. Cal. 2015) ("[A] plaintiff who bases his claims on the contents of particular documents can 'hardly complain' when a defendant refers to the same information in its defense.").

Although the Ninth Circuit has cautioned against excessive use of the incorporation-by-reference and judicial notice doctrines, the court also acknowledged that limited use under appropriate circumstances remains warranted. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018)

(judicial notice and incorporation by reference have "roles to play at the pleading stage"); *accord In Re Ocera Therapeutics, Inc. Sec. Litig.*, 2018 WL 7019481, at *1 (N.D. Cal. Oct. 16, 2018), *aff'd*, 806 F. App'x 603 (9th Cir. 2020).

## II.    ARGUMENT

### A.    Exhibits 1-8, 10-14 Are Incorporated by Reference Because They Are Extensively Referenced in the Complaint and Form the Basis of Plaintiffs' Claims

Incorporation by reference is a judicial doctrine that "treats certain documents as though they are part of the complaint itself" and is "designed to prevent artful pleading by plaintiffs." *Khoja*, 899 F.3d at 1002.  A document may be deemed incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id*. (*quoting United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).  The doctrine also encompasses pleadings where a claim "depends on the contents of a document," but "does not explicitly allege the contents of that document in the complaint" or physically attach those items to the complaint. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).  Here, Plaintiffs refer extensively to several documents that also form the basis of their claims, rendering these materials incorporated by reference.

**Alleged False or Misleading Statements**.  First, the Complaint extensively quotes and relies on several documents that Plaintiffs allege contain the false or misleading statements at issue.  **Exhibits** 1, 4, 11, 12, and 13 are all public documents filed with the U.S. Securities and Exchange Commission ("SEC") by Homology during the class period, each of which Plaintiffs allege contains false or misleading statements.  *See* AC ¶¶ 103-105, 113-116, 127-135, 143-145, 152-154.  The same is true of **Exhibit** 10 (cited AC ¶¶ 123-126), a November 6, 2020 Homology press release regarding the data from the pheNIX trial, and **Exhibits** 5, 7, and 14 (cited AC ¶¶ 72, 136-142, 149-151), transcripts of Homology presentations during various investor conferences, each of which Plaintiffs allege

contains one or more false or misleading statements.  Plaintiffs also extensively reference and challenge as misleading Homology's statements reporting clinical trial results in a December 17, 2019 press release, **Exhibit** 3 (cited *e.g.* AC ¶¶ 54-57), that were later repeated in subsequent SEC filings.  According to Plaintiffs, these references "created the false impression" that data from later patients "did not contradict the pheNIX study data…reported on December 17, 2019."  AC ¶¶ 119, 122.

Because these documents contain the statements that form the basis of Plaintiffs' claims, the Court should deem them incorporated by reference.  *See Steinle v. City & Cnty. of S.F.*, 919 F.3d 1154, 1162-63 (9th Cir. 2019); *In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (proper to consider SEC filings under incorporation-by-reference doctrine); *see also*, *e.g.*, *Riva*, 82 F. Supp. 3d at 1050 n.1  ("[A] plaintiff who bases his claims on the contents of particular documents can 'hardly complain' when a defendant refers to the same information in its defense.") (*quoting Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1161 (9th Cir. 2012)).

**Alleged Corrective Disclosures**.  Second, Plaintiffs refer to and base their claims on a number of documents they identify as containing the alleged corrective disclosures, or otherwise forming the basis of their loss causation allegations.  Plaintiffs quote extensively from **Exhibit** 8, which is a Homology press release filed with the SEC on February 18, 2022 on Form 8-K that Plaintiffs allege triggered a stock price drop.  AC ¶¶ 88-93.  Courts routinely deem documents that form the alleged corrective disclosure or revelation of the purported fraud incorporated by reference.  *See Khoja*, 899 F.3d at 1005 (incorporating by reference document plaintiff alleged caused stock price drop).

**Exhibits** 2 and 6 are a transcript from a November 6, 2020 investor call and its corresponding slide presentation.  Plaintiffs allege that statements made and information disclosed on November 6, 2020 by Homology in a press release and as

reflected in a medical conference slide presentation were misleading in part, and corrective in part. AC ¶¶ 72-73, 124-126, 160, 199-200. While Plaintiffs do not expressly reference the November 6, 2020 investor conference call, that call and the accompanying slides reflect the same data and information as the November 6, 2020 press release and slide presentation referenced in the Complaint. *Compare* Ex. 6 at 6-7 & Ex. 2 at 9 *with* AC ¶¶ 72-73, 124-126, 160, 199-200. Courts have extended the incorporation by reference doctrine to these types of materials. *See, e.g.*, *Knievel*, 393 F.3d at 1076 ("We have extended the incorporation by reference doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint."); *see also Battle v. Taylor James, LLC*, 2022 WL 2162930, at *5 (C.D. Cal. June 15, 2022) (incorporating by reference exhibit plaintiff referenced to "provide context for the [complaint's] allegations"); *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) ("[N]othing in Khoja prevents this Court from analyzing an alleged false statement in context.").

**B.    Alternatively, Exhibits 1-8, 10-14 Are Also Subject to Judicial Notice**

Alternatively, all of the exhibits that are incorporated by reference are also appropriate for judicial notice. *See Golub v. Gigamon Inc.*, 2019 WL 4168948, at *6 (N.D. Cal. Sept. 3, 2019) ("Documents alleged in a complaint and essential to a plaintiff's allegations may be judicially noticed pursuant to Federal Rule of Evidence 201.") (citation omitted), *aff'd*, 994 F.3d 1102 (9th Cir. 2021), *suppl. aff'g. op. on other grounds*, 847 F. App'x 368 (9th Cir. 2021). Under Federal Rule of Evidence 201, a court may take judicial notice of a fact not subject to reasonable dispute because it can be "accurately determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Specifically, a court

may take judicial notice of matters of public record, that the information reflected in public sources such as news articles was publicly available, and information reflected in other publicly accessible sources whose accuracy and authenticity is not subject to dispute.  *See Khoja*, 889 F.3d at 999 ("[a] court may take judicial notice of matters of public record") (alteration in original); *Heliotrope Gen., Inc. v. Ford Motor Co*., 189 F.3d 971, 981 n.18 (9th Cir. 1999) (taking judicial notice "that the market was aware of the information contained in news articles") (citations omitted).

**Exhibits** 1, 3, 4, 8, 11, 12, and 13 are Homology's public filings with the SEC.  The existence and contents of these documents are properly subject to judicial notice as matters of public record that are not subject to reasonable dispute. *See* Fed. R. Evid. 201(b)(2).  As such, courts routinely take judicial notice of SEC filings for the information they contain.  *See, e.g., Metzler Inv. GMBH v. Corinthian Colls., Inc*., 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (proper to take judicial notice of SEC filings); *Waterford Twp. Police v. Mattel, Inc*., 321 F. Supp. 3d 1133, 1143 (C.D. Cal. 2018) (same).

**Exhibits** 2, 5, 6, 7, 11, and 14 likewise are publicly available documents that are properly subject to judicial notice to "indicate what was in the public realm at the time" not whether the contents of the release was true.  *Gerritsen v. Warner Bros. Ent. Inc*., 112 F. Supp. 3d 1011, 1029 (C.D. Cal. 2015) (collecting cases); *see also In re Am. Apparel, Inc. S'holder Litig*., 855 F. Supp. 2d 1043, 1062 (C.D. Cal. 2012) ("Courts in the Ninth Circuit routinely take judicial notice of press releases" and they are helpful to "show 'that the market was aware of the information contained in news articles'") (citation omitted).  These documents—which are published on Homology's website and elsewhere—are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  *In re Impac Mortg. Holdings, Inc. Sec. Litig*., 554 F. Supp. 2d 1083, 1088 n.3 (C.D. Cal. 2008); *see also City of Miami Gen. Emps.' & Sanitation*

*Emps.' Ret. Tr. v. RH, Inc.*, 302 F. Supp. 3d 1028, 1033 (N.D. Cal. 2018) ("the Court may take judicial notice of both presentations for investors and investor conference calls"); *Hefler v. Wells Fargo & Co.*, 2018 WL 1070116, at *3 (N.D. Cal. Feb. 27, 2018) (granting judicial notice of investor presentation).

### C. Exhibits 9 and 15 Are Public Documents Subject to Judicial Notice

Defendants also request that the Court take judicial notice of two additional documents, **Exhibits** 9 and 15, that are not incorporated by reference in the Complaint but are otherwise properly the subject of judicial notice.

**Exhibit** 15 is a publicly available FDA Guidance document, "Providing Clinical Evidence of Effectiveness for Human Drug and Biological Products," accessible via the FDA website.[1]  Courts "routinely take judicial notice of [] FDA guidance documents, many of which also appear on the FDA's public website." *Allen v. ConAgra Foods, Inc.*, 2018 WL 6460451, at *8 n.6 (N.D. Cal. Dec. 10, 2018) (quoting *Wilson v. Frito-Lay N. Am., Inc.*, 260 F. Supp. 3d 1202, 1207 (N.D. Cal. 2017)); *Allergan USA, Inc. v. Prescribers Choice, Inc.*, 364 F. Supp. 3d 1089, 1095 (C.D. Cal. 2019) (granting judicial notice of FDA guidance document publicly available on FDA website); *Eidson v. Medtronic, Inc.*, 981 F. Supp. 2d 868, 879 (N.D. Cal. 2013) (taking judicial notice of documents that appear on the FDA's public website).  Defendants rely on this document to demonstrate the information that was (and is) publicly available to investors regarding the FDA's general requirements for new drug applications ("NDA"), including its recommendation that a drug sponsor conduct two Phase 3 clinical trials before submitting an NDA.  *See Am. Apparel,* 855 F. Supp. 2d at 1061; *Shenwick v.*

---

[1] Exhibit 15 is publically available at https://www.fda.gov/files/drugs/published/Providing-Clinical-Evidence-of-Effectiveness-for-Human-Drug-and-Biological-Products..pdf.

*Twitter, Inc.*, 282 F. Supp. 3d 1115, 1123 (N.D. Cal. 2017) (judicial notice appropriate to "show what was available to the market").

The authenticity of this guidance document is readily confirmed and is not subject to reasonable dispute. *See Malkin v. Fed. Ins. Co.*, 562 F. Supp. 3d 854, 861 (C.D. Cal. 2022) (judicially noticing government documents available from "reliable sources" such as "websites run by government agencies").

**Exhibit** 9 is a publicly available Homology press release filed on Form 8-K with the SEC the contents of which are properly subject to judicial notice to show what has been disclosed or in the public realm. *See Metzler*, 540 F.3d at 1064 n.7 (judicially noticing SEC filings); *Waterford Twp. Police*, 321 F. Supp. 3d at 1143 ("appropriate for the Court to take judicial notice of" SEC filings); *Azar v. Yelp, Inc.*, 2018 WL 6182756, at *4 (N.D. Cal. Nov. 27, 2018) (granting judicial notice for SEC filings).

## III.   CONCLUSION

Defendants request that the Court deem **Exhibits** 1-15 incorporated by reference or subject to judicial notice and consider them in connection with Defendants' Motion to Dismiss.

Dated:  October 14, 2022

Respectfully submitted,

LATHAM & WATKINS LLP

By   */s/ Colleen C. Smith*
Colleen C. Smith

*Attorneys for Defendants Homology Medicines, Inc., Arthur O. Tzianabos, W. Bradford Smith, Albert Seymour, and Theresa McNeely*