Brenda Szydlo (admitted *pro hac vice*)
bszydlo@pomlaw.com
POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, NY 10016
Tel.: (212) 661-1100
Facsimile: (917) 463-1044

Adam M. Apton (SBN 316506)
aapton@zlk.com
LEVI & KORSINSKY, LLP
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel.: (213) 985-7290
Facsimile: (212) 363-7171

*Counsel for Plaintiffs and
Co-Lead Counsel for the Class*

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL C. PIZZUTO, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HOMOLOGY MEDICINES, INC., ARTHUR O. TZIANABOS, W. BRADFORD SMITH, ALBERT SEYMOUR, THERESA MCNEELY, and JOHN DOES 1-10,<br><br>Defendants. | Case No. 2:22-cv-01968-FLA (JPRx)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR INCORPORATION BY REFERENCE AND JUDICIAL NOTICE**<br><br>Hon. Fernando L. Aenlle-Rocha |

Plaintiffs' Opposition to Defendants' Request for Incorporation by Reference and Judicial Notice, No. 2:22-cv-01968-FLA (JPRx)

Plaintiff Michael C. Pizzuto and Lead Plaintiffs Scott Boyd, Kasey Kahne, and Jason Rofeh (collectively, "Plaintiffs"), respectfully submit the following opposition to the Request for Incorporation By Reference and Judicial Notice in Support of Defendants' Motion to Dismiss Amended Class Action Complaint (the "Request"), filed by Defendants Homology Medicines, Inc. ("Homology"), Arthur O. Tzianabos, W. Bradford Smith, Theresa McNeely, and Albert Seymour (collectively, "Defendants") (ECF No. 63).

## Introduction

Defendants seek incorporation by reference or judicial notice with respect to 15 exhibits ("Exhibits") in further support of their motion to dismiss the Amended Class Action Complaint ("Complaint" or "AC") (ECF No. 62).[1] Although Plaintiffs take no position with respect to Defendants' Request for incorporation by reference and/or judicial notice with respect to most Exhibits, the Court should deny Defendants' request to incorporate Exhibits 2 and 6. Specifically, Defendants' request to incorporate-by-reference, or alternatively, take judicial notice of, Exhibits 2 and 6, which purport to be a Homology "transcript from a November 6, 2020 investor call and its corresponding slide presentation." Request at 3. Because these documents are not attached to the Complaint, the Complaint does not mention them at all, and Plaintiffs' claims do not depend on them, their request for incorporation by reference with respect to these two Exhibits should be denied. To the extent the Court is inclined to grant Defendants' alternative request for judicial notice of

---

[1] The Exhibits referenced herein were filed by Defendants as Exhibits to the Declaration of Meryn C.N. Grant in Support of Defendants Homology Medicines, Inc., Arthur O. Tzianabos, W. Bradford Smith, Therese McNeely, and Albert Seymour's Motion to Dismiss Amended Class Action Complaint (ECF No. 62-2).

Plaintiffs' Opposition to Defendants' Request for Incorporation by Reference and Judicial Notice, No. 2:22-cv-01968-FLA (JPRx)

1

Exhibits 2 and 6, such Exhibits may only establish what existed in the public realm at that time and may not be considered for the truth of their contents.

**Argument**

**I.    The Court Should Deny Defendants' Request to Incorporate Exhibits 2 and 6**

Defendants' request to incorporate Exhibits 2 and 6 by reference is improper. *See* Request at 3. These Exhibits purport to be a Homology transcript from a November 6, 2020 investor call and its corresponding slide presentation. *Id.* As this Court is well aware, "[g]enerally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6)." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). However, there are two exceptions to this rule – the incorporation-by-reference doctrine or judicial notice under Federal Rule of Evidence 201. *Id.* The Ninth Circuit has "note[d] a concerning pattern in securities cases like this one: exploiting these procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Id.* Accordingly, the consideration of documents pursuant to the incorporation-by reference doctrine or judicial notice must be carefully limited to avoid "premature dismissals of plausible claims that may turn out to be valid after discovery." *Id.*

"Incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself. *Orexigen*, 899 F.3d at 1002. "A defendant may seek to incorporate a document into the complaint 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Id.* (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)). In the Ninth Circuit, "'the mere mention of the existence of a document is

Plaintiffs' Opposition to Defendants' Request for Incorporation by Reference and Judicial Notice, No. 2:22-cv-01968-FLA (JPRx)

insufficient to incorporate the contents of a document' under *Ritchie*." *Orexigen*, 899 F.3d at 1002 (quoting *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)). As to whether documents can ever form the basis of plaintiff's claim if the complaint does not mention the documents at all, the Ninth Circuit stated that if the claim necessarily depended on them, it may be proper to incorporate them. *See* Orex*igen*, 899 F.3d at 1002.

Here, Exhibits 2 and 6 were not attached to the Complaint; the Complaint does not mention them at all; and Plaintiffs' claims do not depend on them. As such, Defendants' request to incorporate them by reference is improper under *Orexigen* and should be denied. 899 F.3d at 1002.

Defendants' support for the propriety of their request is notably threadbare. They contend that because Exhibits 2 and 6 contain similar information as two other documents referenced in the Complaint, their Request for incorporation by reference should be granted. *See* Request at 4. As support for their argument, Defendants rely on *Knievel v. ESPN*, 393 F.3d 1068, 1070 (9th Cir. 2005), but in that case, the Knievels sued for defamation attaching only a photograph and caption to their complaint. The court found it appropriate to incorporate the surrounding media pages because the alleged defamatory statement should be viewed in the context of the media in which it appears. That is not the situation here. Additionally, *Battle v. Taylor James,* No. CV 21-07915-FWS-KES, 2022 WL 2162930, at *5 (C.D. Cal. June 15, 2022), is a poor choice of authority because in that case, the court granted the request to incorporate because the complaint cited, discussed, and hyperlinked the exhibit in question. Moreover, Defendants' reliance on *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) for the proposition that nothing in *Orexigen* prevents this Court from analyzing an alleged false statement

Plaintiffs' Opposition to Defendants' Request for Incorporation by Reference and Judicial Notice, No. 2:22-cv-01968-FLA (JPRx)

3

in context, is misplaced. *See* Request at 4. In *Orexigen*, the Ninth Circuit found that the district court abused its discretion by incorporating a press release where, *like here*, the complaint did not reference or identify the press release at all, the complaint only alleged facts that the press release happened to report, and the facts alleged could have come from other sources. 899 F.3d at 1007. Indeed, Defendants here admit that the facts set forth in Exhibits 2 and 6 *are set forth in other sources discussed in the Complaint*. *See* Request at 4 (Exhibits 2 and 6 "reflect the same data and information as the November 6, 2020 press release and slide presentation referenced in the Complaint."). As such, Defendants' request for incorporation by reference is improper.

## Conclusion

For the foregoing reasons, the Court should deny Defendants' Request to incorporate Exhibits 2 and 6 by reference. To the extent the Court is inclined to grant Defendants' alternative Request for judicial notice of Exhibits 2 and 6, such Exhibits may only establish what existed in the public realm at that time and may not be considered for the truth of their contents.

Dated:  December 13, 2022

Respectfully submitted,

POMERANTZ LLP

By: */s/ Brenda Szydlo*
Brenda Szydlo (admitted *pro hac vice*)
Dean Ferrogari (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, NY 10016
Tel.: (212) 661-1100
Facsimile: (917) 463-1044
bszydlo@pomlaw.com
dferrogari@pomlaw.com

Pomerantz LLP

Plaintiffs' Opposition to Defendants' Request for Incorporation by Reference and
Judicial Notice, No. 2:22-cv-01968-FLA (JPRx)

4

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Tel.: (310) 405-7190
jpafiti@pomlaw.com

LEVI & KORSINSKY, LLP
Adam M. Apton (SBN 316506)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel.: (213) 985-7290
Email: aapton@zlk.com

*Counsel for Plaintiffs and
Co-Lead Counsel for the Class*

PORTNOY LAW FIRM
Lesley F. Portnoy
1800 Century Park East, Suite 600
Los Angeles, CA 90067
Tel.: (310) 692-8883
lesley@portnoylaw.com

*Additional Counsel for Jason Rofeh*

Plaintiffs' Opposition to Defendants' Request for Incorporation by Reference and Judicial Notice, No. 2:22-cv-01968-FLA (JPRx)

5

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties who have appeared by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

Executed on this 13 day of December, 2022.

*/s/ Brenda Szydlo*
Brenda Szydlo

Plaintiffs' Opposition to Defendants' Request for Incorporation by Reference and Judicial Notice, No. 2:22-cv-01968-FLA (JPRx)

6