LATHAM & WATKINS LLP
Michele D. Johnson (Bar No. 198298)
 *michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Tel:  (714) 540-1235
Fax:  (714) 755-8290

Colleen C. Smith (Bar No. 231216)
 *colleen.smith@lw.com*
12670 High Bluff Drive
San Diego, CA 92130-3086
Tel:  (858) 523-5400
Fax:  (858) 523-5450

Meryn C. N. Grant (Bar No. 291315)
 *meryn.grant@lw.com*
10250 Constellation Blvd, Suite 1100
Century City, CA 90067
Tel:  (213) 485-1234
Fax:  (213) 891-8763

*Attorneys for Defendants Homology*
*Medicines, Inc., Arthur O. Tzianabos, W.*
*Bradford Smith, Albert Seymour, and*
*Theresa McNeely*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL C. PIZZUTO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HOMOLOGY MEDICINES, INC., ARTHUR O. TZIANABOS, W. BRADFORD SMITH, ALBERT SEYMOUR, THERESA MCNEELY, and DOES 1-10,<br><br>Defendants. | Case No. 2:22-cv-01968-FLA (JPRx)<br><br>CLASS ACTION<br><br>**DEFENDANTS HOMOLOGY MEDICINES, INC., ARTHUR O. TZIANABOS, W. BRADFORD SMITH, THERESA MCNEELY, AND ALBERT SEYMOUR'S REPLY IN SUPPORT OF REQUEST FOR INCORPORATION BY REFERENCE AND JUDICIAL NOTICE**<br><br>Judge:  Hon. Fernando L. Aenlle-Rocha<br>Date:  February 17, 2023<br>Time:  1:30 p.m.<br>Place:  Courtroom 6B |

## I.     INTRODUCTION

Defendants Homology Medicines, Inc. ("Homology" or the "Company") and Arthur O. Tzianabos, W. Bradford Smith, Albert Seymour, and Theresa McNeely (together with Homology, the "Defendants") submitted a request for incorporation by reference and judicial notice for fifteen Exhibits (ECF No. 63, Defendants' Request for Judicial Notice and Incorporation by Reference ("RJN")), in support of Defendants' Motion to Dismiss Plaintiffs' Amended Class Action Complaint (ECF No. 46, "Complaint" or "AC").  Plaintiffs do not dispute that thirteen of the exhibits are either incorporated by reference or subject to judicial notice.  ECF No. 67, Plaintiffs' Opposition to Defendants' Request for Incorporation by Reference and Judicial Notice ("Opp. to RJN") at 1.  Plaintiffs only oppose the consideration of two Exhibits—Exhibit 2, Homology's November 6, 2020 investor presentation published on Homology's website, and Exhibit 6, a publicly available investor call transcript from a call held by Homology on November 6, 2020.

But Plaintiffs do not meaningfully dispute that those exhibits are subject to judicial notice.  That alone permits the Court to consider the contents of those exhibits for purposes of Defendants' Motion to Dismiss ("Motion").  Even if it did not, Plaintiffs' arguments that Exhibits 2 and 6 cannot be incorporated by reference—because they are not expressly referenced in the Complaint and do not form the basis for Plaintiffs' claims—ignores both the substance of their claims and Ninth Circuit law.  Plaintiffs repeatedly refer to data from the pheNIX trial disclosed on November 6, 2020, including alleging that statements made on November 6, 2020 were false and misleading, in part (AC ¶¶ 72-73, 124-126), alleging that Defendants later statements referring to that data were false and misleading (*Id.* ¶¶ 127-139, 143-145, 149-157), and alleging that data disclosed on November 6, 2020 were corrective, in part.  *Id.* ¶¶ 160, 199-200.  The Ninth Circuit has clearly held that challenged statements must be considered in context, and

Plaintiffs cannot avoid the incorporation by reference doctrine by artfully omitting explicit references to documents on which their claims depend.  Here, Plaintiffs' assertions that their claims do not depend on disclosures made on November 6, 2020 are nothing more than a thinly-veiled attempt to ignore public disclosures that undermine their securities fraud claims and should be rejected.

Plaintiffs do not dispute that Exhibits 2 and 6 are subject to judicial notice and those exhibits may therefore be considered in support of Defendants' Motion. Even if that were not the case (it is), Exhibits 2 and 6 should be incorporated by reference because both Plaintiffs' claims depend on them.

## II.    ARGUMENT
### A.    Exhibits 2 and 6 Are Properly Subject to Judicial Notice

Plaintiffs offer no real response to Defendants' request that the Court take judicial notice of Exhibits 2 and 6.  *Cf.* Opp. to RJN at 4.  Plaintiffs do not, and cannot, dispute the authenticity of Exhibits 2 and 6.  *In re Impac Mortg. Holdings, Inc. Sec. Litig.*, 554 F. Supp. 2d 1083, 1088 n.3 (C.D. Cal. 2008) (granting judicial notice to documents "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned").  (Indeed, Plaintiffs rely on other investor call transcripts and data presentations throughout their Complaint.  AC ¶¶ 72-74, 136-142, 149-151, 155-157, 202.)  And, Plaintiffs do not dispute that both documents were published on reputable websites and available to Homology investors and the market.  Opp. to RJN at 3-4.  Courts regularly take judicial notice of such presentations and investor call transcripts.  *See, e.g.*, *City of Miami Gen. Emps.' & Sanitation Emps.' Ret. Tr. v. RH, Inc.,* 302 F. Supp. 3d 1028, 1033 (N.D. Cal. 2018) ("the Court may take judicial notice of both presentations for investors and investor conference calls"); *see also Garcia v. J2 Global, Inc.*, 2021 WL 1558331, at *8 (C.D. Cal. Mar. 5, 2021) (granting judicial notice of information on websites "available to the public").  Plaintiffs concede as much, and merely assert that judicial notice of these "[e]xhibits may only establish

what existed in the public realm at that time and may not be considered for the truth of their contents." Opp. to RJN at 4. That is exactly what Defendants requested: these documents "are properly subject to judicial notice to 'indicate what was in the public realm at the time' not whether the contents of the release are true." RJN at 5 (citing *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1029 (C.D. Cal. 2015) (collecting cases)). Plaintiffs telling do not argue that Defendants are relying on Exhibits 2 and 6 for the truth of any fact. *See generally* Opp. to RJN. Therefore, Defendants' request that the Court take judicial notice of Exhibits 2 and 6 should be granted, which alone is sufficient to permit consideration of those exhibits for Defendants' Motion.

### B. Exhibits 2 and 6 Are Properly Incorporated By Reference Because They Form the Basis of Plaintiffs' Complaint

Plaintiffs oppose Defendants' request to incorporate by reference Exhibits 2 and 6 arguing that: (1) the Complaint "does not mention them at all;" and (2) Plaintiffs' claims "do not depend on them." Opp. to RJN at 3. Plaintiffs misconstrue the law and the facts on both points.

As an initial matter, Defendants do not argue that Plaintiffs explicitly mention Exhibits 2 or 6 by title. RJN at 3-4. (Although Plaintiffs do indiscriminately reference the November 6, 2020 disclosures, which include these disclosures). *See e.g.*, AC ¶¶ 78 ("the data on November 6, 2020"), 160 ("On November 6, 2020 . . . Defendants published the data from Part 1 of the study"), 199 ("On November 6, 2020, Homology presented data from the pheNIX trial"), 200 ("Homology's presentation on November 6, 2020"), 202 ("Homology's November 6, 2020 presentation"), 203 ("the November 6, 2020 presentation"). But the fact that Plaintiffs (perhaps intentionally) do not expressly acknowledge these particular disclosures is not determinative of whether they can be incorporated by reference because Plaintiffs' claims "depend on them" and their contents. RJN at 3-4 (citing *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)

("We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document . . . even though the plaintiff does not explicitly allege the contents of that document in the complaint.")).  The incorporation by reference doctrine is "designed to prevent [such] artful pleading by plaintiffs."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018) (noting that there are "instances when assessing the sufficiency of a claim requires that the document at issue be reviewed, even at the pleading stage").

Both Exhibit 2 and Exhibit 6, as the November 6, 2020 disclosures, form the basis for the majority of the challenged statements and omissions, and allegedly correct other challenged statements.  RJN at 2-4.  First, Plaintiffs challenge statements regarding the results from the dose-escalation phase of the pheNIX trial made by Homology in a November 6, 2020 Press Release (AC ¶¶ 123-126; Stmts. 10-11), but ignore the investor presentation (Exhibit 2) and investor conference call (Exhibit 6) that accompanied that press release to provide investors with further information.  Ex. 10 at 4 (Nov. 6, 2020 Press Release) (disclosing that "Homology management and Dr. Bodamer will host a conference call and webcast today, Friday, November 6, at 4:30 p.m. ET").  Plaintiffs' claims require consideration of the challenged statements in context, particularly where the challenged statements are repeated in Exhibits 2 and 6.[1]  *Knievel*, 393 F.3d at 1076 (incorporating by reference documents the complaint did not expressly reference because "a reader must absorb a printed statement in the context" it appears); *In re CV Scis., Inc. Sec. Litig.*, 2019 WL 6718086, at *4 (D. Nev. Dec. 10, 2019)

---

[1] *Compare* Stmt. 10 ("alanine aminotransferases (ALTs) observed in Cohorts 2 and 3, which is common in AAV-based gene therapy, were managed with **increased steroids when necessary**") (emphasis added), *with* Ex. 2 at 9 ("Key Learnings of pheNIX Dose-Escalation" included "[i]mmune response managed with **increased steroids when necessary**") (emphasis added), *and* Ex. 6 at 7 (" You may be also aware that other AAV-based gene therapy trials have observed ALT elevations and similarly, we also saw ALT elevations, and we managed those elevations in cohorts 2 and 3 with **increased steroids when necessary**.") (emphasis added).

("[W]hen a plaintiff relies on a theory of omission, the plaintiff must allege facts going to the basis for the issuer's opinion . . . whose omission makes the opinion statement at issue misleading to a reasonable person reading the statement fairly and in context.") (alterations in original) (internal quotations omitted).

Second, Plaintiffs' desire to selectively ignore the data disclosed by Homology on November 6, 2020 is rendered impossible by their challenge to later statements, which reference Homology's November 6, 2020 disclosures collectively—not just the press release Plaintiffs reference in their Complaint. *E.g.*, AC ¶¶ 131 ("In November 2020, we reported positive safety and efficacy clinical data from the dose-escalation phase of the trial . . . . Based on the safety and efficacy results observed in the dose-escalation phase, we have selected and advanced two doses to the randomized, concurrently controlled, dose expansion Phase 2 portion of the pheNIX trial . . ."), 134 (same), 144 (same), 153 (same). Plaintiffs also challenge statements regarding the steroid regimen in the pheNIX trial—which discuss "learnings" from the dose-escalation phase and modifications to the steroid regimen (AC ¶¶ 124, 137, 138, 141)—and advance theories that Defendants concealed information that the steroid regimen was inadequate.  AC ¶¶ 125, 129, 135, 139, 142, 148, 151.  Those claims also depend on the information available to the market, particularly here, where the challenged statements expressly reference discussions that occurred on the November 6, 2020 investor conference call.  *Compare* Stmt. 10 ("Updates to the expansion phase . . . include[e] key learnings related to . . . [the] steroid regime."), *and* Stmt. 16 ("[W]e've taken all the learnings from that dose escalation phase and applied that to the dose expansion phase"), *and* Stmt. 17 (" . . . one of the key learnings is the steroid regime"), *with* Ex. 2 at 19-20 (presenting "[k]ey [l]earnings of pheNIX [d]ose-[e]scalation [p]hase" including that "[i]mmune response[s were] managed with increased steroids when necessary"); *and* Ex. 6 at 6 ("We learned a great deal during the dose escalation phase and made adjustments to our protocol, particularly

relative to our steroid regimen in an effort to optimize things like monitoring and efficacy."). In short, whether Plaintiffs have adequately pled that many of the challenged statements were false depends on all of the November 6, 2020 disclosures, not just Plaintiffs' chosen selection. *See Knievel,* 393 F.3d 1068, 1076 (9th Cir. 2005) ("In evaluating the context in which the statement appeared, we must take into account all parts of the communication that are ordinarily heard or read with it.") (internal citation and quotations omitted).

Third, Plaintiffs claim that nine of the challenged statements were corrected by "Homology's November 6, 2020 presentation," including data from Patients 4 and 5. AC ¶¶ 200-202; *see also* AC ¶ 7 (claiming "[i]n November 2020 . . . Homology disclosed the pheNIX data from the dose-escalation phase of the trial"). That data was available to investors and explained to them in the investor presentation and conference call on November 6, 2020. Ex. 2 at 13-19; Ex. 6 at 7-9. Plaintiffs' claims therefore depend on these disclosures of patient data and, as admitted in their opposition to Defendants' Motion, how "[t]he market perceived the information." ECF No. 66 (Plaintiffs' Opposition to Defendants' Motion to Dismiss) at 23. Plaintiffs' claims to the contrary are nothing more than an attempt to avoid documents that undermine their ill-pled and conclusory allegations as to what was disclosed to the market. Opp. to RJN at 3.

Finally, Plaintiffs' misguided interpretation of *Orexigen* does not permit them to avoid the incorporation by reference doctrine here. *Id.* at 3-4. In *Orexigen*, the Ninth Circuit found that the district court had abused its discretion in incorporating by reference a press release because "[n]othing in the Complaint connect[ed] th[e] information [at issue] with th[e] press release." 899 F.3d at 1007. By contrast, here, the Complaint and the information in Exhibits 2 and 6 are "connected" because Plaintiffs challenge statements repeated in or later referencing those disclosures. Plaintiffs also allege that patient data contained in these exhibits corrected other challenged statements. AC ¶¶ 72-73, 160, 199-200. Because

Plaintiffs base their claims "on the contents" of the November 6, 2020 disclosures, they cannot avoid those contents by not explicitly naming the document titles of all of the disclosures on that day. *Riva v. Pepsico, Inc.*, 82 F. Supp. 3d 1045, 1050 n.1 (N.D. Cal. 2015) ("[A] plaintiff who bases his claims on the contents of particular documents can 'hardly complain' when a defendant refers to the same information in its defense.").

## III.   CONCLUSION

Defendants respectfully request that the Court deem Exhibits 1-15 incorporated by reference or subject to judicial notice and consider them in connection with Defendants' Motion to Dismiss.

Dated:  January 27, 2023

Respectfully submitted,

LATHAM & WATKINS LLP

By  */s/ Meryn C. N. Grant*
    Meryn C. N. Grant

*Attorneys for Defendants Homology Medicines, Inc., Arthur O. Tzianabos, W. Bradford Smith, Albert Seymour, and Theresa McNeely*