JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL C. PIZZUTO, Individually and on Behalf of All Others Similarly Situated, | Case No. 2:22-cv-01968-FLA (JPRx) |
| | CLASS ACTION |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER [DKT. 53]** |
| HOMOLOGY MEDICINES, INC., ARTHUR O. TZIANABOS, W. BRADFORD SMITH, THERESA MCNEELY, and ALBERT SEYMOUR, | |
| Defendants. | |

1

**RULING**

Before the court is Defendants' Homology Medicines, Inc. ("Homology"), Arthur O. Tzianabos, W. Bradford Smith, Theresa McNeely, and Albert Seymour's (collectively, "Defendants") Motion to Transfer ("Motion").  Dkt. 53.  Plaintiffs Michael C. Pizzuto, Jason Rofeh, Scott Boyd, and Kasey Kahne (collectively, "Plaintiffs") oppose the motion.  Dkt. 56 ("Opp'n").

On October 11, 2022, the court found this matter appropriate for resolution without oral argument and vacated the hearing set for October 14, 2022.  Dkt. 59; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.  For the reasons stated herein, the court GRANTS Defendants' Motion.  The action is hereby transferred to the District of Massachusetts, pursuant to 28 U.S.C. § 1406(a).

**BACKGROUND**

Plaintiff Pizzuto filed this putative federal securities class action in this district against Defendants on March 25, 2022.  Dkt. 1.  On July 1, 2022, the court granted Plaintiffs Rofeh, Boyd, and Kahne's stipulation to be appointed Co-Lead Plaintiffs in the action.  Dkt. 38.  The four Plaintiffs filed their first amended complaint ("FAC") on August 15, 2022.  Dkt. 46.  The FAC alleges Plaintiff Pizzuto resides in Los Angeles County.  FAC ¶ 15.  Defendant Homology is a Delaware corporation with its principal executive offices in Bedford, Massachusetts.  *Id.* ¶ 26.  Defendants Tzianabos, Smith, McNeely, and Seymour (collectively, "the Individual Defendants") all live in Massachusetts and work at Homology's headquarters in that state.  Dkt. 53-1 at 1.

Plaintiffs allege the following facts in their FAC: Homology is a biopharmaceutical company specializing in genetic therapeutics.  FAC ¶ 1.  HMI-102 was Homology's gene therapy drug candidate intended to treat phenylketonuria, a genetic condition that can cause excessive phenylalanine levels and brain damage.  *Id.* ¶¶ 3, 45.  By March 2020, Homology had completed phase one of its "pheNIX" clinical trial ("the pheNIX trial") for HMI-102, which had produced indeterminate

results and demonstrated possible liver toxicity in patients at high doses. *Id.* ¶¶ 4-5. Defendant McNeely, Homology's Chief Communications Officer, allegedly concealed these results from and made false representations to sell-side market analysts, who passed along these assurances to investors. *Id.* ¶¶ 2, 6-8.

Homology then proceeded with the second phase of its trial, but delayed release of that phase's results until late 2022. *Id.* ¶ 9. During this delay, Defendants repeatedly represented to investors that HMI-102 was showing "clinically meaningful reductions in [phenylalanine] levels" and was "well-tolerated" when administered with a supplemental steroid regimen. *Id.* ¶¶ 7, 9.

Homology eventually announced on February 18, 2022, that the U.S. Food & Drug Administration would be issuing a clinical hold on the pheNIX trial to address critical safety issues related to the steroid regimen's ineffectiveness in preventing toxicity. *Id.* ¶ 10. By then, Homology's stock price had declined from $17.91 to $2.60 per share, representing a market capitalization loss of over 85%. *Id.* ¶ 11.

Plaintiffs allege they purchased or acquired securities in Homology at artificially inflated prices between March 12, 2020, and February 18, 2022. *Id.* ¶¶ 1-2, 21-22. The FAC asserts claims for: (1) violation of Securities Exchange Act section 10(b) and Rule 10b-5 against all Defendants; and (2) violation of Securities Exchange Act section 20(a) against the Individual Defendants.

On September 2, 2022, Defendants filed a motion to transfer the action to the District of Massachusetts under 28 U.S.C. §§ 1404(a), 1406(a). Dkt. No. 53.

## DISCUSSION

### I.      Legal Standard

Fed. R. Civ. P. 12(b)(3) provides that a court may dismiss a claim for improper venue. Venue in federal courts is governed entirely by statute. *Leroy v. Great Western United Corp.*, 443 U.S. 173, 181 (1979). There are two grounds on which venue may be changed: (1) where venue is improper, a court must dismiss or transfer under 28 U.S.C. § 1406; and (2) where venue is proper, the court may transfer to

another district, for convenience, under 28 U.S.C. § 1404.  In either case, the districts in which venue would be proper are determined by either the general venue statute, codified at 28 U.S.C. § 1391, or by the special venue statutes that may apply for given causes of action.

Except as otherwise provided by special venue rules, venue is proper in a district where: (1) any defendant resides if all defendants reside in the state in which the district is located; (2) "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) "if there is no district in which an action may otherwise be brought as provided in [section 1391], any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." *Id.* § 1391(b).  For venue purposes, a defendant corporation "shall be deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* § 1391(c)(2).

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  A motion to transfer lies within the broad discretion of the court and requires "an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotation marks omitted)).

In making this determination, courts may consider factors including: (1) the location where the relevant agreements were negotiated and executed, (2) the plaintiffs' choice of forum, (3) the convenience of the parties, (4) the convenience of the witnesses, (5) the ease of access to the evidence, (6) the availability of compulsory process to compel attendance of unwilling non-party witnesses, (7) the familiarity of each forum with the applicable law, (8) feasibility of consolidation with other claims,

(9) any local interest in the controversy, (10) the relative court congestion and time to trial in each forum, and (11) the differences in the costs of litigation in the two forums. *Jones*, 211 F.3d at 498; *Vu v. Ortho–McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009).

## II.    Analysis[1]

Defendants ask the court either to dismiss Plaintiffs' action based on improper venue or to transfer the action to the District of Massachusetts.  28 U.S.C. §§ 1404(a), 1406(a); *see* Dkts. 53, 58.  Since Plaintiffs' FAC states claims under the Securities Exchange Act, the special venue rule in 15 U.S.C. § 78aa governs whether venue was laid properly in the Central District of California.  That provision permits Plaintiffs to bring suit "either (1) in the district wherein the defendant is found or is an inhabitant or transacts business, or (2) in the district wherein any act or transaction constituting the violation occurred."  *Sec. Inv. Prot. Corp. v. Vigman*, 764 F.2d 1309, 1316 (9th Cir. 1985); *see* 15 U.S.C. § 78aa(a).

Homology is headquartered in Massachusetts, and all the Individual Defendants live and work in that state.  FAC ¶ 26; Dkt. 53-1 at 1.  None of the Defendants, therefore, inhabit or can be found in this district for purposes of venue under § 78aa(a)'s first prong.

Plaintiffs do allege sufficient facts showing that Homology transacts business in this district, namely that Homology's co-founder, Dr. Saswati Chatterjee, developed the delivery agent for HMI-102 in Los Angeles County, FAC ¶¶ 17-19; Homology

---

[1] Plaintiffs argue in their Opposition that Defendants' Motion should be denied for Defendants' failure to comply with Local Rule 7-3, which requires counsel to contact opposing counsel and thoroughly discuss the substance of a contemplated motion prior to filing.  Opp'n at 24-25.  Defendants aver that their counsel discussed the issue of venue on a July 8, 2022, telephone call with Plaintiffs' counsel and later held a meet-and-confer conference regarding the contemplated motion with Plaintiffs' counsel by telephone on July 13, 2023.  Dkt. 58 at 13-14; Dkt. 58-2.  The court is satisfied with this showing and declines to deny Defendants' motion on this ground.

then entered into licensing agreements with two medical facilities in this district to develop and commercialize the technology used in HMI-102, *id.* ¶¶ 35-37; and Homology's pheNIX trial tested HMI-102 at two testing sites in this district, Dkt. 56-1 ¶ 4.  Plaintiffs, however, are incorrect that "these connections are more than sufficient for the purposes of laying venue in this District."  Opp'n at 9.  "When there are multiple parties and/or multiple claims in an action, the plaintiff must establish that venue is proper as to each defendant and as to each claim," *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1126 (C.D. Cal. 2009) (citation omitted), yet Plaintiffs do not demonstrate any business that the Individual Defendants have transacted in this district.  *See also Vanleeuwen v. Keyuan Petrochemicals, Inc.*, Case No. 2:11-cv-09495-PSG (JCGx), 2013 WL 4517242, at *6 (C.D. Cal. Aug. 26, 2013).

Plaintiffs attempt to do so by arguing Defendants "transmitted their misleading statements into this forum where Plaintiffs live . . . who then . . . purchased Homology securities."  Opp'n at 10.  Plaintiffs, however, do not cite any allegations in the FAC to support this argument.  *See id.*  Although Plaintiffs assert multiple allegations regarding the purportedly false and misleading statements related to HMI-102 and the pheNIX trial that Defendants made via corporate announcements, press releases, quarterly and annual reports, and telephonic conference calls with market analysts, none of these allegations provide that such statements were directed to persons or entities in this district.  *See* FAC ¶¶ 54-88, 97-155.

Plaintiffs' argument, at most, amounts to a claim that Defendants made available allegedly misleading information to the public or market analysts, which Plaintiffs Pizzuto and Rofeh then accessed or received via some other means while residing in this district.  Cases finding venue under § 78aa(a), however, —including those Plaintiffs cite—require that Defendants at least specifically direct some act towards the forum district to establish venue.  *See Olenicoff v. UBS AG*, Case No. 8:08-cv-01029-AG (RNBx), 2009 WL 481281, at *4 (C.D. Cal. Feb. 24, 2009)

(finding venue based on communications with plaintiffs through their Orange County office); *Tolentino v. Mossman*, Case No. 2:07-cv-01243-GEB (DADx), 2007 WL 4404447, at *6 (E.D. Cal. Dec. 13, 2007) (finding venue where defendant "made several communications to [plaintiff]" while plaintiff was in the forum district); *Cath. Ord. of Foresters v. U.S. Bancorp Piper Jaffray, Inc.*, 337 F. Supp. 2d 1148, 1157 (N.D. Iowa 2004) ("[Plaintiff] received all pertinent communications . . . by telephone and mailing at [its] place of business . . . in this district."); *In re AES Corp. Sec. Litig.*, 240 F. Supp. 2d 557, 561-622 (E.D. Va. 2003) (holding venue was established where the record "plainly include[d]" a showing that misleading information was transmitted into the forum); *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 687 (E.D. Tex. 1999) ("[P]ress releases at issue in this case were sent directly into the [forum district]."); *Zorn v. Anderson*, 263 F. Supp. 745, 748 (S.D.N.Y. 1966) ("[P]roxies sent into this district by interstate mail . . . are adequate to sustain venue."). Since Plaintiffs fail to show that the Individual Defendants have directed any business to this district specifically, they are unable to establish venue under 15 U.S.C. § 78aa(a)'s first prong.[2]

Hence, the court is left to determine whether under prong two of § 78aa(a) Plaintiffs allege any sufficient act or transaction in this district constituting a violation

---

[2] In *Vigman*, 764 F.2d at 1317, the Ninth Circuit applied the "co-conspirator venue theory" to impute one defendant's activity in the forum district to other defendants for purposes of establishing venue. Though Plaintiffs do not raise this theory in their Opposition, it would nevertheless be inapposite to the court's analysis of § 78aa(a)'s first prong as the theory has only been applied to § 78aa(a)'s second prong regarding "violative acts" occurring in the forum district. *See Vigman*, 764 F.2d at 1317; *Goldberg v. Rome McGuigan, P.C.*, Case No. 2:20-cv-09958-JFW (SKx), 2021 WL 1570858, at *4 (C.D. Cal. Mar. 4, 2021); *Olenicoff*, 2009 WL 481281, at *4; *Tolentino*, 2007 WL 4404447, at *6; *see also Vanleeuwen*, 2013 WL 4517242, at *8 (collecting cases). As explained below, Plaintiffs do not allege a sufficient violative act in this district as to any of the Defendants, so the co-conspirator theory is also of no avail to Plaintiffs with respect to the second prong of § 78aa(a).

of sections 10(b) or 20(a) of the Securities Exchange Act. While "[t]he 'act' contemplated by the statute need not be crucial nor must 'the fraudulent scheme be hatched in the forum district,'" *Vigman*, 764 F.2d at 1317 (citation omitted), "the act conferring venue also may not be trivial, [and] must be 'of material importance to the consummation of the scheme,'" *Vanleeuwen*, 2013 WL 4517242, at *6 (quoting *Hilgeman v. Nat'l Ins. Co. of Am.*, 547 F.2d 298, 301 (5th Cir. 1977)). Plaintiffs rely on the following alleged facts to demonstrate a violative act: Homology developed HMI-102's delivery agent in Los Angeles County, FAC ¶¶ 17-19; Homology entered into licensing agreements regarding HMI-102 technology with two medical facilities in this district, *id.* ¶¶ 35-37; Homology tested HMI-102 at two sites in this district, Dkt. 56-1 ¶ 4; Defendants transmitted misleading statements into the forum; and Plaintiffs Pizzuto and Rofeh purchased Homology securities here. *See* Opp'n at 8-11.

As to the allegation that Defendants transmitted misleading statements into this district, the analysis set forth above applies to this prong: Plaintiffs have not demonstrated that Defendants specifically directed any such activity towards this district, so this conduct cannot constitute a violative act for purposes of venue. *See, e.g.*, *Vanleeuwen*, 2013 WL 4517242, at *7 (requiring at least one violative act directed to the forum district). Plaintiffs' purchase of Homology securities in this district also cannot constitute a violative act since such activity does not involve *Defendants'* conduct in relation to the forum district. *See Vigman*, 764 F.2d at 1317 (analyzing only defendants' conduct in assessing venue under 15 U.S.C. § 78aa); *Vanleeuwen*, 2013 WL 4517242, at *6-8 (same); *see also Goldberg*, 2021 WL 1570858, at *4 (basing proper venue on only defendants' violative conduct towards the forum district); *Olenicoff*, 2009 WL 481281, at *4 (same); *Tolentino*, 2007 WL 4404447, at *6 (same).

The propriety of venue, thus, hinges on whether Plaintiffs establish a violative act in this district by alleging that Homology developed, licensed, and tested HMI-102 and its related technology here. Plaintiffs' FAC states claims for violations of

sections 10(b) and 20(a) of the Exchange Act.  Plaintiffs allege Defendants engaged in a common scheme whereby Defendants "disseminated or approved . . . materially false and misleading statements" regarding HMI-102 and the pheNIX trial and "as senior officers, directors and/or controlling shareholders . . . control[led] the contents of . . . various reports, press releases and public filings . . . disseminated in the marketplace" that did the same.  FAC ¶¶ 228, 235.

The FAC recounts at length these false and misleading statements, alleging they occurred in corporate announcements, *id.* ¶¶ 54-55, 78-79, annual and quarterly reports, *id.* ¶¶ 70-71, 121, 127-35, 152-53, press releases, *id.* ¶¶ 82, 94, 98, 123-24, 143-44, 146-47, and conference calls, *id.* ¶¶ 136-42, 149-50, 155-56, among other means.  These statements, rather than Homology's HMI-102-related developing, licensing, and testing, serve as the "act[s] or transaction[s] constituting the violation" of the securities laws for purposes of venue under 15 U.S.C. § 78aa(a).  *See In re Yahoo! Inc.*, Case No. 2:07-cv-03125-CAS (FMOx), 2008 WL 707405, at *8 (C.D. Cal. Mar. 10, 2008) ("Because this is a securities fraud action, plaintiffs' claims are based on defendants' alleged misrepresentations and omissions . . . ."); *La v. Allen*, Case No. 3:08-cv-00532-WQH (WMCx), 2008 WL 11337443, at *3 (S.D. Cal. Nov. 14, 2008) (rejecting other alleged activity in a district as not "of material importance to the *completion or furtherance* of the alleged scheme to defraud") (emphasis added).

Since Plaintiffs fail to allege any of this activity was directed to this district, and since Homology's development, licensing, and testing related to HMI-102 in this district is not violative of the securities laws, Plaintiffs have not established that this district is a proper venue for their claims under the Securities Exchange Act.  While the court recognizes that the "intent of the venue and jurisdiction provisions of the securities laws is to grant potential plaintiffs liberal choice in their selection of a forum," *Vigman*, 764 F.2d at 1317 (citation omitted), the provisions cannot be read so liberally as to permit venue here, where Plaintiffs fall short of § 78aa(a)'s requirements by establishing transacted business as to only one Defendant and

otherwise failing to allege any violative acts in this district.

Having found that venue is not proper in the Central District of California, the court may either dismiss or transfer this action to another district under 28 U.S.C. § 1406. All Defendants are found in the District of Massachusetts and transact business there, so the action could have been brought in that district. FAC ¶ 26; Dkt. 53-1 at 1; *see* 15 U.S.C. § 78aa(a). As discussed above, the gravamen of Plaintiffs' FAC is Defendants' alleged false and misleading statements, a majority of which appear to have disseminated from the District of Massachusetts. *See, e.g., City of N. Miami Beach Police Officers' & Firefighters' Ret. Plan v. Nat'l Gen. Holdings Corp.*, Case No. 2:19-cv-06468-AG (KESx), 2019 WL 7900030, at *3 (C.D. Cal. Nov. 19, 2019) (transferring class action securities case based on the origin of alleged false statements). Since the action centers on these statements, relevant witnesses are more likely to be in the District of Massachusetts, *see, e.g., Maxon v. Jefferson Pilot Sec. Corp.*, Case No. 3:01-cv-02668-CRB, 2002 WL 523575, at *3 (N.D. Cal. Apr. 2, 2002), and that district likely has a strong interest in adjudicating a matter involving a business headquartered there. The court, thus, will transfer this action to the District of Massachusetts.

## CONCLUSION

For the reasons stated above, the court GRANTS Defendants' Motion. This action is hereby TRANSFERRED to the United States District Court for the District of Massachusetts.

IT IS SO ORDERED.

Dated: April 18, 2023

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

10