UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL C. PIZZUTO, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HOMOLOGY MEDICINES, INC., ARTHUR O. TZIANABOS, W. BRADFORD SMITH, ALBERT SEYMOUR, THERESA MCNEELY, and JOHN DOES 1-10,<br><br>Defendants. | Case No. 1:23-cv-10858-AK<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR INCORPORATION BY REFERENCE AND JUDICIAL NOTICE**<br><br>Judge: Hon. Angel Kelley |

Plaintiff Michael C. Pizzuto and Lead Plaintiffs Scott Boyd, Kasey Kahne, and Jason Rofeh (collectively, "Plaintiffs"), oppose the Request for Incorporation By Reference and Judicial Notice in Support of Defendants' Motion to Dismiss Amended Class Action Complaint (the "Request"), filed by Defendants Homology Medicines, Inc. ("Homology"), Arthur O. Tzianabos, W. Bradford Smith, Albert Seymour, and Theresa McNeely (collectively, "Defendants") (ECF No. 92).

## INTRODUCTION

Defendants' Request seeks incorporation by reference or judicial notice of 16 exhibits ("Exhibits") in further support of their motion to dismiss the Amended Class Action Complaint for Violations of the Federal Securities Laws ("Complaint" or "AC") (ECF No. 89).[1] While Plaintiffs take no position regarding most of the Exhibits, the Court should deny Defendants' Request with respect to incorporation by reference of Exhibits 2, 4, and 8, and deny judicial notice of Exhibit 14. Because Exhibits 2, 4 and 8 are not attached to the Complaint, the Complaint does not mention them at all, nor do Plaintiffs' claims depend on them, incorporation by reference would be improper. And because the Complaint's allegations must be taken as true, Defendants cannot allege additional facts, submit a counter narrative, or dispute Plaintiffs' allegations at the motion to dismiss stage. As such, to the extent the Court is inclined to grant judicial notice of Exhibit 14 or any other Exhibits, such Exhibits may only be noticed to establish what existed in the public realm at that time, not for the truth of their contents.

---

[1] The Exhibits referenced herein were filed by Defendants as Exhibits to the Declaration of Meryn C.N. Grant in Support of Defendants Homology Medicines, Inc., Arthur O. Tzianabos, W. Bradford Smith, Albert Seymour, and Therese McNeely's Motion to Dismiss Amended Class Action Complaint (ECF No. 91).

1

**LEGAL STANDARD**

"In ruling on a motion to dismiss, a court must accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiffs." *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.,* 267 F.3d 30, 33 (1st Cir. 2001). Thus, it is well established that "'a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment.'" *O'Rourke v. Hampshire Council of Gov'ts*, 121 F. Supp. 3d 264, 276 (D. Mass. 2015) (quoting *Alternative Energy*, 267 F.3d at 33); *see, e.g.*, *Giragosian v. Ryan*, 547 F.3d 59, 65 (1st Cir. 2008); *Trans–Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 321 (1st Cir. 2008). The only exception to this rule is "narrow." *Id.* A district court may "consider 'documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice.'" *Lydon v. Local 103, Int'l Bhd. of Elec. Workers*, 770 F.3d 48, 53 (1st Cir. 2014) (quoting *Ryan*, 547 F.3d at 65) (alteration in original).

*First*, a court may consider extrinsic documents "without converting the motion into one for summary judgment" where "the relevant entirety of a document is integral to or explicitly relied upon in the complaint" and thus incorporated by reference. *Clorox Co. P.R. v. Proctor & Gamble Comm. Co.*, 228 F.3d 24, 32 (1st Cir. 2000) (internal quotations omitted). "That a complaint mentions a document, or even repeatedly refers to a document, however, is not enough; a complaint incorporates a document by reference only where the allegations are 'expressly linked to – and admittedly depend upon – a document (the authenticity of which is not challenged)' such that the 'document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6).'" *Shash v. Biogen Inc.*, 627 F. Supp. 3d 84, 97 (D. Mass. 2022) (quoting *Beddall v. State St. Bank & Trust Co.,* 137 F.3d 12, 17 (1st Cir. 1998)).

*Second*, "matters of public record ordinarily include 'documents from prior state court adjudications.'" *Ryan*, 547 F.3d at 66 (quoting *Boateng v. InterAmerican Univ., Inc.*, 210 F.3d 56, 60 (1st Cir. 2000)).

*Third*, "[u]nder Fed. R. Evid. 201(b), a judge may take notice of an adjudicative fact only if it is 'not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Sarvis v. Polyvore, Inc.*, 2015 WL 5934759, at *4 (D. Mass. Aug. 24, 2015), *report and recommendation adopted*, 2015 WL 6182226 (D. Mass. Sept. 14, 2015) (quoting *Lussier v. Runyon*, 50 F.3d 1103, 1113 (1st Cir. 1995)). "A court, however, 'will only take into consideration the existence and contents' of such documents and 'will not assume the truth of the findings asserted therein. …'" *Schuster v. Harbor,* 471 F. Supp. 3d 411, 416 (D. Mass. 2020) (quoting *Barnstable Cty. v. 3M Co.,* 2017 WL 6452245, at *5 (D. Mass. Dec. 18, 2017). For example, "[w]hile a legislative report is a public record properly subject to judicial notice of its 'existence and contents, this does not mean that the court must accept the findings in the report as indisputable truth. …'" *Alharbi v. Beck*, 62 F. Supp. 3d 202, 209 (D. Mass. 2014) (quoting *Stasiukevich v. Nicolls*, 168 F.2d 474, 479 (1st Cir. 1948)).

Aside from the "narrow exception" described above, if the court considers documents or facts outside the four corners of the Complaint, it must convert the motion into one for summary judgment (*see Alternative Energy*, 267 F.3d at 33), and conversion is not appropriate unless the parties have had an opportunity to conduct reasonable discovery (*see* Fed. R. Civ. P. 12(b), 12(d), 56).

## ARGUMENT

**I.      The Request for Incorporation by Reference of Exhibits 2, 4 and 8 Should Be Denied.**

**A.      Incorporation of Exhibit 2 by Reference is Improper.**

Defendants' support for the propriety of their request is notably threadbare. Exhibit 2 purports to contain "excerpts of the materials published on the FDA's website in connection with a September 2021 FDA Advisory Committee Meeting[.]" Request at 3. Notably absent from the Complaint, however, is any reference to, or reliance on, *any* of the documents included in Exhibit 2. Indeed, the only mention of the September 2021 FDA Advisory Committee meeting was in reference to the occurrence of the meeting *itself* in connection with allegations regarding "analysts not[ing] the tightening regulatory environment for gene therapy treatments, including HMI-102." AC ¶ 171. Because Plaintiffs' claims are obviously *not* dependent on the documents in Exhibit 2, Defendants' Request should be denied. *See Shash*, 627 F. Supp. 3d at 98 (rejecting defendants' request for incorporation by reference of "the FDA's full 343-page joint briefing book prepared for the Advisory Committee meeting" despite plaintiffs' attaching a related report to the complaint "and citing it—and other portions of the larger, unattached, 343-page joint Briefing Materials").

Defendants' reliance on *Shaw v. Dig. Equip Corp.*, 82 F.3d 1194 (1st Cir. 1996) is misplaced. Request at 3. In *Shaw*, plaintiffs alleged isolated misstatements made by defendants in various news articles, and therefore, the court permitted consideration of "the relevant entirety of [the articles] integral to or explicitly relied upon in the complaint," in order to provide the "surrounding context … to the allegedly wrongful statement." *See id.* at 1219-20.  None of the documents included in Exhibit 2 contain any of the false and misleading statements alleged in the Complaint. *Compare* Exhibit 2, *with* AC ¶¶97-157.

Therefore, Exhibit 2 is neither integral to nor explicitly relied upon in the Complaint, thus incorporation by reference is improper.

**B.      Incorporation of Exhibits 4 and 8 by Reference is Improper.**

Defendants request for incorporation by reference of Exhibit 4 and 8 is likewise improper. *See* Request at 2-3. Exhibits 4 and 8 purport to "contain the publicly available transcript and presentation from the November 6, 2020 investor call." Request at 2. However, these documents were not attached to the Complaint; the Complaint does not refer to them at all; nor do Plaintiffs' claims depend on these documents. As such, Defendants' request to incorporate them by reference is improper and should be denied. *See O'Rourke*, 121 F. Supp. 3d at 276-77.

Defendants contend that because Exhibits 4 and 8 contain *similar* information and purportedly provide context for two other documents referenced in the Complaint, their Request for incorporation by reference should be granted. *See* Request at 3. In fact, in their previous request for incorporation by reference to the Central District of California, Defendants stated that "[w]hile Plaintiffs do not expressly reference the November 6, 2020 investor call, that call and the accompanying slides reflect the same data and information as the November 6, 2020 press and slide presentation referenced in the Complaint." *See* ECF No. 63 at 4.  As such, Plaintiffs' claims are admittedly not dependent on the particular documents in Exhibits 4 and 8.

Defendants' reliance on *Pension Trust v. J. Jill, Inc.*, 360 F. Supp. 3d 17, 22 n.1 (D. Mass. 2018) is misplaced because in that case, the complaint "quoted extensively" from the documents and plaintiff's claims were "necessarily dependent upon" those documents. Moreover, in *J. Jill*, the "complaint quoted select statements from the earnings call . . . but did not include the full question and answer nor a transcript of the call." *Id.* The court found it appropriate to incorporate the surrounding transcript pages because the allegedly fraudulent statements should be viewed in

the context of which they appear. *Id.* This is significantly different from the facts here, as the Complaint does not mention Exhibits 4 or 8 at all. Defendants' reliance on *In re Stone & Webster, Inc., Sec. Litig.*, 253 F. Supp. 2d 102, 114 n.3 (D. Mass. 2003) is misplaced for the same reason—the document was explicitly referred to in the amended complaint. Defendants also rely on *Kader v. Sarepta Therapeutics, Inc.*, 2016 WL 1337256, at *11 (D. Mass. Apr. 5, 2016), but in that case, the FDA's statement, which was not referenced in the complaint, was "central" to plaintiffs' claims and represented the FDA's "lone public statement" during the class period that specifically addressed the prospective timing of the company's NDA filing. Again, not the situation here.

Defendants further argue that the Court should grant their request to incorporate Exhibits 4 and 8 by reference because "Plaintiffs claim that nine later statements [after November 6, 2020] were misleading by omission because Homology continued to conceal information after November 6, 2020 also depends on what was disclosed on that day in Exhibits 4 and 8." Request at 3. But this argument has nothing to do with the standard for granting incorporation by reference, and Defendants can more appropriately introduce these documents as exhibits at summary judgment.

Defendants incorrectly assert that Exhibits 4 and 8 "contain the disclosures that Plaintiffs' claim corrected Defendants' misleading statements and are the basis for their claimed losses." Request at 3. Not so. The Complaint alleges that "[o]n November 6, 2020, Homology presented data from the pheNIX trial at the NECMP annual meeting" and asserts that this "presentation … constituted a partial corrective disclosure insofar as it partially corrected the false and/or materially misleading statements disseminated to the market prior to that point about the pheNIX data for the patients from Cohorts 2 and 3." AC ¶¶199-200. The cases cited by Defendants are inapposite to the facts here. *See Beddall v. St. Street Bank & Tr. Co.*, 137 F.3d 12, 17 (1st Cir. 1998) (incorporating by reference an agreement the complaint discusses "at considerable length" and

because "the complaint predicates the plaintiffs' claims regarding the existence of the Bank's ostensible fiduciary duties solely on the Agreement"); *Miller Inv. Tr. v. Morgan Stanley & Co., LLC*, 308 F. Supp. 3d 411, 446 (D. Mass. 2018) (incorporating by reference press release explicitly relied on by plaintiffs as the source of the alleged corrective disclosure). Notably, Plaintiffs take no position as to Defendants' request for incorporation by reference or judicial notice of Exhibit 7, the actual presentation Plaintiffs refer to and rely on in the Complaint. *See* AC ¶¶72, 199-202.

As such, Exhibits 4 and 8 are neither integral to nor explicitly relied upon in the Complaint, and thus incorporation by reference is improper.

## II.     The Court Cannot Judicially Notice Extrinsic Evidence to Contradict the Complaint.

To the extent the Court is inclined to grant Defendants' alternative request for judicial notice of Exhibit 14 or any other Exhibits, such exhibits may only establish what existed in the public realm at that time and may not be considered for the truth of their contents. *See Harbor*, 471 F. Supp. 3d at 416; *see also Shash*, 627 F. Supp. at 97-98 (explaining that judicially noticed documents are considered "only for the fact that they exist and not the truth of their contents").

While Defendants coyly suggest that they only seek judicial notice of Exhibit 14, Homology's Form 8-K filed with the SEC on June 13, 2022, *after* the Class Period ended, announcing the FDA's *post*-Class Period lift of the clinical hold placed on the pheNIX trial, "to show that certain information was publicly available to the market" (Request at 4), they plainly ask the Court to consider this document for its truth, a truth that has minimal relevance to the claims at issue. Plaintiffs' do not dispute that the Court may take judicial notice of SEC filings, however, judicial notice is reserved for "adjudicative fact[s]." Fed. R. Civ. P. 201(a). Defendants fail to recognize that Exhibit 14 falls outside the Class Period and presents facts that are irrelevant to the Court's resolution of the pending motion to dismiss.

The Complaint alleges that, during the Class Period, Defendants made materially false and misleading statements regarding the efficacy and safety of HMI-102 and concealed material risks associated with the pheNIX trial, of which they knew or recklessly disregarded. *See generally* AC. As a result, on February 18, 2022, Homology announced that the FDA would be issuing a clinical hold on the pheNIX trial. AC ¶¶88-93. As of the end of the Class Period, Plaintiffs, other members of the Class, and the market, in general, had no way of knowing the remedial measures Homology would need to take in response to the clinical hold or that the FDA would lift the clinical hold as of June 13, 2022. Consequently, Exhibit 14 is irrelevant and unnecessary to the Court's resolution of Defendants' motion to dismiss. *See Hall v. Johnson & Johnson*, 2019 WL 7207491, at \*10 (D.N.J. Dec. 27, 2019) (declining judicial notice, finding that, "[a]lthough statements from government entities are typically appropriate for judicial notice, Exhibit 3 was issued on March 5, 2019, three months after the close of the Class Period. Thus, it arguably has minimal relevance to the claims at issue" and "Exhibit 4 . . . also appears to post-date the Class Period."); *In re PTC Therapeutics, Inc. Sec. Litig.*, 2017 WL 3705801, at \*3 n.5 (D.N.J. Aug. 28, 2017) (declining to take judicial notice of post-class period public documents because "their relevance to the issues here – e.g., what was known to PTC at the time it made the alleged misstatements – is quite low").

The cases cited by Defendants are inapposite to the facts here. *See Corban v. Sarepta Therapeutics, Inc.*, 2015 WL 1505693, at \*5 n.4 (D. Mass. Mar. 31, 2015) (taking judicial notice of SEC filings made both *before and during* the class period); *Guerra v. Teradyne Inc.*, 2004 WL 1467069, at \*1-2 (D. Mass. Jan. 16, 2004) (taking judicial notice of SEC filings to show the individual defendants' holdings and transactions in company stock *during* the class period).

8

**CONCLUSION**

For all the foregoing reasons, the Court should deny Defendants' Request to incorporate by reference Exhibits 2, 4, and 8, deny judicial notice of Exhibit 14, and to the extent the Court is inclined to grant judicial notice of any other Exhibits, such consideration should only be of its existence and contents and not for its truth asserted therein.

Dated:  July 13, 2023

Respectfully submitted,

/s/ Daryl Andrews
Daryl Andrews (BBO# 658523)
Andrews DeValerio LLP
P.O. Box 67101
Chestnut Hill, MA 02467
Tel: (617) 999-6473
Email: daryl@andrewsdevalerio.com

*Liaison Counsel for Plaintiffs and the Proposed Class*

POMERANTZ LLP
Brenda Szydlo (admitted *pro hac vice*)
Dean Ferrogari (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, NY 10016
Tel.: (212) 661-1100
Facsimile: (917) 463-1044
Email: bszydlo@pomlaw.com
dferrogari@pomlaw.com

*Co-Lead Counsel for Plaintiffs and the Proposed Class*

LEVI & KORSINSKY, LLP
Adam M. Apton (SBN 316506)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel.: (213) 985-7290
Facsimile: (212) 363-7171
Email: aapton@zlk.com

*Co-Lead Counsel for Plaintiffs and the Proposed Class*

PORTNOY LAW FIRM
Lesley F. Portnoy
1800 Century Park East, Suite 600
Los Angeles, CA 90067
Tel.: (310) 692-8883
Email: lesley@portnoylaw.com

*Additional Counsel for Jason Rofeh*

## <u>CERTIFICATE OF SERVICE</u>

I, Daryl Andrews, hereby certify that a copy of the foregoing document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: July 13, 2023

/s/ *Daryl Andrews*
Daryl Andrews