**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MICHAEL C. PIZZUTO, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>HOMOLOGY MEDICINES, INC., ARTHUR O. TZIANABOS, W. BRADFORD SMITH, ALBERT SEYMOUR, THERESA MCNEELY, and JOHN DOES 1-10,<br><br>    Defendants. | Civil Action No.: 1:23-cv-10858-AK |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Defendants respectfully request that the Court deny Plaintiffs' Motion for Leave to File a Sur-Reply (Doc No. 96) ("Motion"). As an initial matter, the Motion contravenes this Court's guidance in its Standing Order Regarding Motion Practice at (B)(4), which instructs that "A sur-reply is not permitted." But further, the Motion should be denied because: (1) it mischaracterizes the arguments in Defendants' Reply Brief (Doc No. 95), and therefore is not necessary or useful to the Court's resolution of the motion to dismiss; and (2) it is not warranted as Plaintiffs had ample opportunity to address Defendants' arguments, which were advanced in the motion to dismiss filed in this case and in earlier motion to dismiss briefings filed in the Central District of California long before this case was transferred to this Court.

*First*, contrary to Plaintiffs' contention that a sur-reply is "necessary to correct a misstatement by Defendants concerning Plaintiffs' allegations" in the operative complaint (Mot. at 1), a sur-reply is not necessary because Defendants' Reply does not misstate Plaintiffs' allegations. *See, e.g., Swartz v. Bahr*, 2017 WL 2695290, at *5 (D. Mass. June 22, 2017) (denying leave to file sur-reply because "none of the reasons cited by [plaintiff] in support of his

1

request suggest that a sur-reply here would be necessary or useful"); *see also In re Light Cigarettes Mktg. Sales Pracs. Litig.*, 832 F. Supp. 2d 74, 78 (D. Me. 2011) ("Absent highly unusual circumstances, sur-replies are not favored.").

In their Reply, Defendants argued that data from the pheEDIT trial could not have contradicted Defendants' Class Period statements about the pheNIX trial because "Plaintiffs do not allege that the other, later trial [pheEDIT] had even begun at the time the FDA implemented its temporary clinical hold" of the pheNIX trial.  Doc No. 95 at 7.  In the Motion and the proposed sur-reply, Plaintiffs argue that Defendants mischaracterized the allegation in the complaint that Homology announced on October 12, 2021, that it had received FDA Investigational New Drug approval for the pheEDIT trial, and thus Homology must have "implemented the revised, FDA-approved steroid regimen as of October 12, 2021, at the latest." Mot. at 2 (citing Compl. ¶ 81).  From that allegation, Plaintiffs jump to the conclusion (argued in the Motion, but nowhere alleged in the complaint) that "Homology's use of the new steroid regimen most certainly overlapped with Defendants' alleged false statements on October 12, 2021."  *Id.*  But the allegation in the complaint describes only the FDA's *approval* to proceed with the pheEDIT trial; it says nothing about the actual commencement of *patient enrollment and dosing or use* of the steroid regimen in that trial.  Am. Compl. (Doc No. 46) ¶ 81 ("At the same time [October 12, 2021], it also announced that its investigational new drug application, or IND, was approved for the 'pheEDIT' clinical trial for HMI-103.").  The fact that there is a difference between the FDA's approval to commence the pheEDIT trial and the actual start of the trial with patient dosing (and use of the specified steroid regimen) is exactly the point Defendants make in their Reply.  *See* Doc No. 95 at 7.

Defendants explained this distinction between FDA approval to proceed with the trial and the actual start of the trial to Plaintiffs in meet-and-confer correspondence preceding the Motion, and pointed Plaintiffs to Homology's public disclosures confirming that no patients had been dosed in pheEDIT at the time of the clinical hold in pheNIX.  *See* Ex. 1 (email from C. Smith to A. Apton (Aug. 11, 2023)).  Plaintiffs did not respond and instead opted to file the Motion.

*Second*, the proposed sur-reply is too late.  Plaintiffs could have raised this issue in the Opposition brief in response to Defendants' arguments in the motion to dismiss.  *See* Doc No. 90 (Motion to Dismiss) at 21 ("Plaintiffs identify no data from patients after the steroid regimen was modified . . . .").  Furthermore, the arguments to which Plaintiffs seek leave to respond by means of an improper sur-reply were also made in connection with the prior motion to dismiss briefing filed in the Central District of California before this case was transferred to this Court.  *Compare* Doc No. 68 (C.D. Cal. Reply) at 12 ("Plaintiffs do not allege that the pheEDIT trial had commenced, or Homology had any data at all regarding the pheEDIT steroid regimen at the time the FDA issued its temporary clinical hold on the pheNIX trial.") *with* Doc No. 95 (D. Mass. Reply) at 7 ("Indeed, Plaintiffs do not allege that the other, later trial [pheEDIT] had even begun at the time the FDA implemented its temporary clinical hold.").  If Plaintiffs were concerned that Defendants' argument mischaracterized allegations in their complaint, they should have raised the issue with Defendants long ago.

Defendants accordingly request that the Court deny Plaintiffs' Motion.


Dated:  August 15, 2023                    Respectfully submitted,

/s/ Michele D. Johnson
Michele D. Johnson (*pro hac vice*)
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Telephone: (714) 540-1235
michele.johnson@lw.com

William J. Trach (BBO# 661401)
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
william.trach@lw.com

Colleen C. Smith (*pro hac vice*)
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
colleen.smith@lw.com

Meryn C. N. Grant (*pro hac vice*)
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: (424) 653-5500
meryn.grant@lw.com

*Attorneys for Defendants Homology Medicines,*
*Inc., Arthur O. Tzianabos, W. Bradford Smith,*
*Albert Seymour, and Theresa McNeely*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent on August 15, 2023 to those identified as non-registered participants.

<u>/s/ Michele D. Johnson</u>
Michele D. Johnson