# EXHIBIT 1

| From: | Smith, Colleen (SD) |
|---|---|
| Sent: | Friday, August 11, 2023 8:37 AM |
| To: | Adam M Apton |
| Cc: | Brenda Szydlo; Devyn Glass; Grant, Meryn (CC) |
| Subject: | RE: [External]Re: [External]Re: [External]RE: [External]RE: [External]Activity in Case 1:23-cv-10858-AK Michael C. Pizzuto v. Homology Medicines, Inc. et al Reply to Response to Motion |

Adam,

Thanks for the courtesy of a meet and confer on this.  We don't agree that a sur-reply is warranted, and for the reasons below urge you not to file it.   If you do, we will oppose the request.  Not only did we previously make the same argument in our previously reply (without objection or request for a sur-reply), but further, the statements in the reply brief on this issue accurately identify the deficiencies in your allegations and are correct.

The proposed sur-reply rests on the incorrect premise—reflected in your complaint—that the FDA's "approval" of the IND for the pheEDIT trial coincided with the actual start of the trial (i.e., patient dosing) and use of the contemplated steroid regimen on patients.  These dates are not the same.  Indeed, that is the point of the arguments reflected in Defendants' reply brief which make the point that the complaint contains no alleged facts establishing that Homology had actually begun dosing patients in the pheEDIT trial, which would be the first time the steroid regimen for that trial was used on patients.  *See* ECF No. 95 at 7 ("Plaintiffs do not **allege that the other, later [pheEDIT] trial had even begun at the time the FDA** implemented its temporary clinical hold.") (citing Complaint ¶ 170) (emphasis added); *see also id.* at 10 ("At most, Plaintiffs point to the **use of different steroid regimens**, in different trials, for different genetic medicines at different times.") (emphasis added).  Logically, Homology could not collect data on a new steroid regime if that treatment regime had not yet been administered to patients.  And even if Homology had begun dosing patients in the pheEDIT trial, there is no reason to assume that data from the start of the trial would  provide sufficient data to conclude that the steroid regimen in that trial was effective at mitigating any anticipated safety risks in the trial, much less compare its efficacy to other steroid regimens used with different treatments, in other trials.

Homology's public disclosures confirm the accuracy of the statements in our reply.  No patients had been dosed in pheEDIT at the time of the clinical hold in pheNIX.   *See* ECF No. 62-10 at 8 (Feb. 18, 2022, Ex. 99.1 attached to Form 8-K) ("Homology has two ongoing clinical programs, the pheEDIT gene editing trial of HMI-103 for PKU . . . with program updates expected by the end of this year.").  Indeed, our understanding is that the *first patient* in the pheEDIT trial was not dosed until December 2022.  *See Homology Medicated Anticipating Gene Therapy Data Updates in PKU Hunter Syndrome* (Jan. 6, 2023).  And, initial data from that trial was not disclosed until July 27, 2023, based on a data cut of July 26, 2023, that—like the pheNIX trial—included preliminary data from three patients.  *See* Press Release (July 27, 2023).

Finally, the proposed sur-reply overstates the import of the FDA's authorization of the pheEDIT IND.  Pursuant to FDA regulations, an IND authorization (which can be obtained automatically if the FDA fails to respond within thirty days), does not constitute an approval of the trial methodology, or here, provide any specific information on the suitability of a steroid regimen.  It simply reflects the FDA's authorization to begin a clinical investigation.

If helpful to discuss further, we're happy to do so.

**Colleen C. Smith**

**LATHAM & WATKINS LLP**
12670 High Bluff Drive | San Diego, CA 92130
D: +1.858.523.3985

1

**From:** Smith, Colleen (SD)
**Sent:** Wednesday, August 09, 2023 5:03 PM
**To:** 'Adam M Apton' <aapton@zlk.com>
**Cc:** 'Brenda Szydlo' <bszydlo@pomlaw.com>; 'Devyn Glass' <dglass@zlk.com>; Grant, Meryn (CC) <Meryn.Grant@lw.com>
**Subject:** RE: [External]Re: [External]Re: [External]RE: [External]RE: [External]Activity in Case 1:23-cv-10858-AK Michael C. Pizzuto v. Homology Medicines, Inc. et al Reply to Response to Motion

Hi Adam –

We are giving our client a chance to weigh in on our response and will have it to you shortly.

**Colleen C. Smith**

**LATHAM & WATKINS LLP**
12670 High Bluff Drive | San Diego, CA 92130
D: +1.858.523.3985

**From:** Smith, Colleen (SD)
**Sent:** Tuesday, August 08, 2023 3:16 AM
**To:** 'Adam M Apton' <aapton@zlk.com>
**Cc:** Brenda Szydlo <bszydlo@pomlaw.com>; Devyn Glass <dglass@zlk.com>
**Subject:** RE: [External]Re: [External]Re: [External]RE: [External]RE: [External]Activity in Case 1:23-cv-10858-AK Michael C. Pizzuto v. Homology Medicines, Inc. et al Reply to Response to Motion

Received.  I'll be back to you today, if possible but not later than Wednesday.

**Colleen C. Smith**

**LATHAM & WATKINS LLP**
12670 High Bluff Drive | San Diego, CA 92130
D: +1.858.523.3985

**From:** Adam M Apton <aapton@zlk.com>
**Sent:** Monday, August 07, 2023 6:16 PM
**To:** Smith, Colleen (SD) <Colleen.Smith@lw.com>
**Cc:** Brenda Szydlo <bszydlo@pomlaw.com>; Devyn Glass <dglass@zlk.com>; Adam M Apton <aapton@zlk.com>
**Subject:** FW: [External]Re: [External]Re: [External]RE: [External]RE: [External]Activity in Case 1:23-cv-10858-AK Michael C. Pizzuto v. Homology Medicines, Inc. et al Reply to Response to Motion

Colleen,

Plaintiffs would like defendants' consent to file the attached sur reply. Can you please review and let us know if we can file as unopposed? Alternatively, please let us know if defendants will not consent. A response one way or the other by Wednesday, if possible, would be much appreciated.


Adam M. Apton
Levi & Korsinsky, LLP